## HARRIS, TRUSTEE, *v.* FIRST NATIONAL BANK OF MT. PLEASANT.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR · THE EASTERN DISTRICT OF TEXAS.

No. 98. Argued January 21, 1910.—Decided February 21, 1910.

*Quære*, and not decided, whether under § 70*e* of the Bankruptcy Act the suits therein referred to can be brought in the bankruptcy court without the consent of the defendant. See contrary views expressed in *Hull* v. *Burr*, 153 Fed. Rep. 945; *Hurley* v. *Devlin*, 149 Fed. Rep. 268.

Section 70*e* of the Bankruptcy Act provides for avoiding transfer of the bankrupt's property which his creditors might have avoided, and for recovery of such property, or its value from persons not *bona fide* holders for value. It does not, either with or without consent of defendant, give the bankruptcy court jurisdiction of a suit to recover property held by defendant but which, if the allegations of the complaint are true, belonged to the bankrupt and passed to the trustee.

The bankruptcy court has not jurisdiction of a suit against a bank to recover securities held by it for indebtedness of the bankrupt on the ground that the debt had been paid.

THE facts are stated in the opinion.

*Mr. W. L. Estes*, with whom *Mr. Hiram Glass, Mr. John J. King* and *Mr. A. L. Burford* were on the brief, for defendant in error.

*Mr. Chas. S. Todd, Mr. Geo. Q. McGown, Mr. Jno. A. Hurley, Mr. S. E. Webber*, for plaintiff in error, submitted.

MR. JUSTICE DAY delivered the opinion of the court.

This case presents the single question of the jurisdiction of the District Court of the United States to entertain a suit

brought by Harris as trustee in bankruptcy against the First National Bank of Mt. Pleasant, Texas.

The petition alleged that Hargrove, the bankrupt, was indebted to the defendant bank for an overdraft in the sum of $2,000; that to secure the payment of the same Hargrove delivered into the bank's possession as collateral security certain notes; that at the time of the adjudication in bankruptcy Hargrove had paid the overdraft in full.

Further, the petition alleged that at the time Hargrove was adjudged a bankrupt the bank had in its possession two certain promissory notes, which had been signed by one McGee as principal and by Hargrove as surety. That prior to the bankruptcy Hargrove paid the notes and thus became entitled to the same. That defendant refuses to account for said notes, and wrongfully withholds them from the trustee. The prayer of the petition is that the bank be required to surrender to the trustee the notes so pledged as collateral security, and also the notes paid by Hargrove as surety, or, in default thereof, judgment against the bank in the sum of $3,500, the value of all the notes. Upon issue made as to its jurisdiction the District Court held it was without jurisdiction and dismissed the suit.

In *Bardes v. Hawarden Bank,* 178 U. S. 524, this court held that under § 23 of the Bankruptcy Act of 1898 the District Court of the United States could, by the consent of the defendant, and not otherwise, entertain suits by the trustee against third persons to recover property conveyed by the bankrupt before the institution of proceedings in bankruptcy.

Subsequently, Congress, by the act of February 5, 1903, 32 Stat. 797, c. 487, amended certain sections of the Bankruptcy Act. To § 23b, which provided that suits by the trustee should only be brought in courts where the bankrupt, whose estate was being administered by the trustee, might have brought them if proceedings in bankruptcy had not been instituted, unless by the defendant's consent, these words were added: "*Except suits for the recovery of property*

*under section sixty, subdivision b, and. section sixty-seven, subdivision e.*"

Subdivision *b* of § 60 made provision for the recovery of preferences given by the bankrupt within four months before the filing of the petition in bankruptcy. To that subdivision these words were added: "*And, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.*"

Subdivision *e* of § 67 made provision for setting aside fraudulent conveyances, and the recovery of property so conveyed at the suit of the trustee. To that subdivision these words were added: "*For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.*"

A consideration of these amendments, having reference to the recovery of preferences and of property fraudulently conveyed, shows that they cannot include the action under consideration here. Nor is it claimed that they are sufficient of themselves to authorize the present suit. Reliance is had on the amendment made by the act of February 5, 1903, of subd. *e* of § 70. We give that subdivision, putting the amendment in italics:

"*e.* The trustee may avoid any transfer by the bankrupt of his property which any creditor might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a *bona fide* holder for value. *For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.*"

It is to be noted that § 70, subd. *e*, is not mentioned in the

amendment to § 23, enlarging the jurisdiction of the Federal court to entertain suits without the consent of the defendant. And it has been held that suits under § 70, subd. *e*, can only be brought in a court of bankruptcy with the consent of the defendant. *Hull* v. *Burr*, 153 Fed. Rep. 945. The contrary view was taken in *Hurley et al.* v. *Devlin*, 149 Fed. Rep. 268.

But we do not find it necessary to pass upon that question. Assuming for this purpose that actions may be brought by trustees in the courts of bankruptcy in cases coming within the terms of § 70, subd. *e*, without the consent of defendant, we do not think the present action is one of that character.

That subdivision provides for avoiding transfers of the bankrupt's property which his creditors might have avoided, and for recovery of such property, or its value, from persons who are not *bonâ fide* holders for value. In this action no such transfer is alleged, no attack is made upon a transfer by the bankrupt which would have been void as to creditors. The petition seeks to recover property held by the bank, if the allegations are true, which belonged to the bankrupt, and consequently passed to the trustee as the representative of the bankrupt's estate. The recovery sought is of property held for the bankrupt estate, which the defendant wrongfully refused to surrender. The District Court was right in denying jurisdiction of the suit, and its judgment is

*Affirmed.*