## NEWCOMB v. BIWER et al.

### (District Court, D. South Dakota, C. D. October 15, 1912.)

**1.** Bankruptcy (§ 293*)—Action by Trustee—Recovery of Property—Jurisdiction—Federal Court.

Bankr. Act July 1, 1898, c. 541, § 70e, 30 Stat. 566 (U. S. Comp. St. 1901, p. 3452) as amended by Act Cong. June 25, 1910, c. 412, 36 Stat. 842 (U. S. Comp. St. Supp. 1911, p. 1511), provides that a bankrupt's trustee may avoid any transfer by the bankrupt of his property which any creditor might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he is a bona fide holder for value prior to adjudication. The amendment of 1903 (Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1911, p. 1506]) added that, for the purpose of such recovery, any court of bankruptcy, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction. *Held* that, since the amendment of section 23b by Act Cong. June 25, 1910, gave jurisdiction to federal courts of all suits brought for the recovery of property under specified sections of the Bankruptcy Act, including section 70e, actions may be brought by a bankrupt's trustee in courts of bankruptcy, in cases within the terms of section 70e, without the consent of the defendant.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. § 293.*]

**2.** Bankruptcy (§ 293*)—Action to Recover Property—Jurisdiction.

A bankrupt's trustee sued the bankrupt's wife to recover certain real property and assets alleged to belong to the bankrupt, the title to which had always been in the defendant; the trustee claiming that she held in secret trust for the bankrupt. It was conceded that the wife was an adverse claimant, that her claim was not by way of a preference, nor by fraudulent transfer made within four months before bankruptcy, or at all, and that her possession had not been obtained after bankruptcy from the officer of the bankruptcy court. *Held* that, there being no diversity of citizenship, the suit was not within the jurisdiction of the bankruptcy court, within Bankr. Act July 1, 1898, c. 541, § 70e, 30 Stat. 566 (U. S. Comp. St. 1901, p. 3452), providing for suits to recover property transferred by a bankrupt, nor was it within the jurisdiction of a federal court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. § 293.*

Jurisdiction of federal courts in suit relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In Equity. Suit by Clarence O. Newcomb, as trustee in bankruptcy of the estate of John Biwer, bankrupt, against Mary M. Biwer and another. On plea to the jurisdiction of the court. Sustained.

Chas. E. Deland and Sutherland & Payne, all of Pierre, S. D., for complainant.

Gaffy, Stephens & Fuller, of Pierre, S. D., for defendants.

ELLIOTT, District Judge. This is a bill in equity, filed in the District Court of the United States for the Central Division of the District of South Dakota, in bankruptcy, by Clarence O. Newcomb, a citizen of the state of South Dakota, as trustee in bank-

ruptcy of the estate of John Biwer, who has by this court been adjudged a bankrupt upon his own petition. The action is against Mary M. Biwer and said John Biwer, both residents of the state of South Dakota, to recover, as property and assets belonging to the said bankrupt, John Biwer, a certain real property described in the said bill of complaint, which property is situated in the county of Hughes, in the state of South Dakota, and is alleged to be of record in the name of said Mary M. Biwer, who received title thereto long prior to four months before the filing of the petition in bankruptcy.

No question of preference is involved. Possession of the property has never been in the bankrupt or trustee. It is further conceded that the bankrupt, John Biwer, never had the legal title to any of this property, and never made any transfer of same, or any part thereof, to said Mary Biwer; it being alleged, however, in the bill of complaint, that Mary M. Biwer holds said property as trustee in secret trust for said bankrupt.

The defendant Mary M. Biwer appeared specially and demurred to the complaint, on the ground that this court is without jurisdiction to hear and determine the suit, specifying (a) want of diverse citizenship sufficient to confer jurisdiction, and (b) because it appears that the trustee in bankruptcy, complainant, alleged that said defendant is an adverse claimant, and it appears—

"that such adverse claim is not by way of a preference, nor by way of a fraudulent transfer made within the four months preceding the bankruptcy, nor by way of a transfer by the bankrupt that would have been voidable at the suit of any creditor, had there been no bankruptcy, and that possession has not been obtained by this defendant after bankruptcy from an officer of the bankruptcy court."

Upon the first question, as to the jurisdiction of this court, involved in specification (a), it is admitted that there is no diversity of citizenship.

It is conceded by all parties to this action that it cannot be maintained under the provisions of subdivision "b" of section 60, or subdivision "e" of section 67, of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562, 564 [U. S. Comp. St. 1901, pp. 3445, 3449]), and, further, that it can only be maintained in this court, if at all, by virtue of the provisions of subdivision "e" of section 70, as amended. Said subdivision "e" of section 70, as amended by the act of Congress of June 25, 1910 (Act June 25, 1910, c. 412, 36 Stat. 842 [U. S. Comp. St. Supp. 1911, p. 1511]) reads as follows:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value."

And there was added to this, by the amendment of 1903 (Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1911, p. 1506]):

"For the purpose of such recovery any court of bankruptcy as hereinbefore defined and any state court which would have had jurisdiction, if bankruptcy had not intervened, shall have concurrent jurisdiction."

Section 23 of the Bankruptcy Act is the section which confers jurisdiction upon the United States and state courts. Prior to the amendment of section 23b in 1903, suits by a trustee under subdivision "b" of section 60, subdivision "e" of section 67, or subdivision "e" of section 70 could not be brought in the United States District Courts, unless by consent of the proposed defendant. And in 1903 the words "except suits for the recovery of property under section sixty, subdivision 'b,' and section sixty-seven, subdivision 'e,'" were added. By the act of Congress of June 25, 1910, subdivision "b" of section 23 was amended by adding to the exception named in the amendment of 1903, above set forth, the words "and section seventy, subdivision 'e.'"

If this is a case that comes within the provisions of subdivision "e" of section 70 of the Bankruptcy Act, it is within the exception provided by the amendment of June 25, 1910, to section 23, subd. "b," of the bankruptcy law. It seems that the only purpose of these amendments was to make exceptions to the limitation on the jurisdiction of the District Courts, and thereby extend their jurisdiction to such cases as were brought under the authority provided by subdivision "b" of section 60, "e" of 67, and "e" of 70. I think it is very clear that section 23 of the Bankruptcy Act, as amended by the acts of 1903 and 1910, gives jurisdiction to this court of all suits brought "for the recovery of property under section sixty, subdivision 'b,' section sixty-seven, subdivision 'e,' and section seventy, subdivision 'e.'"

[1] No good purpose can be served by an analysis of the relation of section 23 to section 70e. It is sufficient to state that this conclusion of the court is reached, in the light of the interpretation heretofore applied to these provisions of this bankruptcy statute, as evidenced by various decisions, including the opinions in the following cases: Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Harris, Trustee, v. First National Bank of Mt. Pleasant, 216 U. S. 382, 30 Sup. Ct. 296, 54 L. Ed. 528; Hull v. Burr, 153 Fed. 949, 83 C. C. A. 61; Hurley v. Devlin (D. C.) 149 Fed. 268; Gregory v. Atkinson (D. C.) 127 Fed. 183; Lynch v. Bronson et al. (D. C.) 160 Fed. 140; In re Mullen (D. C.) 101 Fed. 413; In re Rochford et al., 124 Fed. 182, 59 C. C. A. 388. I therefore hold that actions may be brought by trustee in the courts of bankruptcy in cases coming within the terms of section 70, subd. "e," without the consent of the defendant, since the amendment of section 23b by the act of Congress of June 25, 1910.

[2] As to specification (b) in the demurrer, it is admitted upon the face of the bill of complaint: (1) That defendant Mary M. Biwer is an adverse claimant; (2) that such adverse claim is not by way of a preference; (3) that such adverse claim is not by way of a fraudulent transfer made within four months preceding the filing of the petition in bankruptcy; (4) that such adverse

claim is not by way of a transfer by the bankrupt to said Mary M. Biwer; (5) that possession of the property named in the bill of complaint has not been obtained by the defendant Mary M. Biwer after bankruptcy from an officer of the bankruptcy court. The foregoing appearing upon the face of the bill of complaint, is this an action authorized by and within the provisions of the terms of section 70e of the bankruptcy law?

It is very clear that there is no alleged "transfer by the bankrupt of his property." In this action no such transfer is alleged. No attack is made upon a transfer by the bankrupt which would have been void as to creditors. Harris v. First National Bank, 216 U. S. 382, 30 Sup. Ct. 296, 54 L. Ed. 528. The petition seeks to recover property held by defendant Mary M. Biwer, if the allegations of the bill of complaint are true, which in truth and in fact belonged to the bankrupt, and consequently passed to the trustee as a representative of the bankrupt's estate. Harris v. First National Bank, supra.

It is insisted by complainant that Mary M. Biwer holds the property described in the bill of complaint, as trustee, in secret trust for said bankrupt; the record title being in her, but the real ownership of the property being in the bankrupt. This being true, the recovery sought is of property held for the bankrupt estate, which the defendant Mary M. Biwer refused to surrender, and is not within the provisions of subdivision "e" of section 70 of the bankruptcy law. Harris v. First National Bank, supra.

Trust property belonging to the bankrupt, but never in his possession nor "transferred" by him, cannot be reached in the federal courts. Remington on Bankruptcy, vol. 1, § 1694, p. 1043; Remington on Bankruptcy, vol. 3, § 1692, p. 504; Drew v. Myers, 22 Am. Bankr. Rep. 656, 81 Neb. 750, 116 N. W. 781, 17 L. R. A. (N. S.) 350. The citations from Remington are persuasive only so far as one is disposed to give the writer credit for a proper interpretation of these provisions of the bankruptcy law, in the light of the decisions that have been rendered, admitting that no citation is given directed to the particular question at issue here.

I was disposed to give to the language of section 70e a broader view than that expressed in Harris v. First National Bank, supra. However, this being the opinion of the Supreme Court of the United States, and it being the judgment of this court that its reasoning is directly applicable to the conditions revealed by the bill of complaint in this case, it follows that the demurrer of the defendant Mary M. Biwer should be sustained, but without prejudice to the right of the trustee to begin an action in a court having jurisdiction.

Let such order be entered.