### MILKMAN v. ARTHE et al.

(District Court, E. D. New York. April 23, 1914.)

1. COURTS (§ 279*)—UNITED STATES COURTS—JURISDICTION—PLEADING.

Where a cause of action under the Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) over which a United States court has jurisdiction is stated, the jurisdiction is not ousted by failure to allege diverse citizenship, or that the amount involved is more than $3,000.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 279.*]

2. BANKRUPTCY (§ 178*)—FRAUDULENT CONVEYANCES—AVOIDANCE.

While a transfer by some third person for the benefit of a bankrupt could not be avoided by a creditor within Bankruptcy Law (Act July 1, 1898, c. 541, § 70e, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3452]), authorizing the trustee to avoid any transfer by the bankrupt of his property which any creditor might have avoided, where the money of a bankrupt was by agreement used by his brother in creating a trust for the bankrupt's wife for the purpose of concealing the money of the bankrupt, the transfer could be avoided.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 221, 264–274, 283, 284; Dec. Dig. § 178.*]

In Equity. Bill by Walter Milkman, as trustee in bankruptcy, against John C. Arthe and others. On motion to dismiss the complaint. Motion denied.

Harry E. Lewis, of Brooklyn, N. Y. (David Steckler, of New York City, of counsel), for plaintiff.

Robert A. Inch, of New York City, for defendants Arthe and Lancaster.

CHATFIELD, District Judge. This action, brought by a trustee in bankruptcy, against the bankrupt, his wife, and her brother, seeks to trace certain funds of the bankrupt (the exact amount not being specified) into the purchase of certain shares of stock held by the brother for the wife of the bankrupt.

[1] The bill alleges that at the time of original purchase, the bankrupt was insolvent, and that a secret trust exists under which the shares of stock are concealed by the brother and the bankrupt's wife for the benefit of the bankrupt. It is alleged that the shares of stock are really a part of the bankrupt's estate. Motion has been made by the defendants, appearing specially for the bankrupt's wife and her brother, to dismiss the complaint under equity rule 29 (33 Sup. Ct. xxvii). No diversity of citizenship is stated in the complaint, nor is the amount of money used upon the original purchase of the stock

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stated. But if a cause of action be stated under the bankruptcy law, over which this court has jurisdiction, that jurisdiction will not be ousted by failure to show that the amount involved was more than $3,000, or by residence of all the parties within the same district.

[2] This action is not one to recover a preference, and the complaint was apparently considered by the pleader to fall under section 70e, which expressly gives jurisdiction to the United States court. The defendants support the motion by stating that the complaint shows no "transfer by the bankrupt of his property which any creditor of said bankrupt might have avoided."

It is insisted that the purchase of the stock by the brother, or any transfer by him to the wife of the bankrupt, would not come within the words "transfer by the bankrupt." The cases of Newcomb v. Biwer (D. C.) 199 Fed. 529, Hull v. Burr, 153 Fed. 945, 83 C. C. A. 61, and Harris v. First National Bank of Mt. Pleasant, 216 U. S. 382, 30 Sup. Ct. 296, 54 L. Ed. 528, are cited as authority for the proposition that a transfer by some other party for the benefit of the bankrupt could not be avoided by a creditor of the bankrupt. This proposition is evidently true, but the defendants overlook the allegation of the complaint that the money of the bankrupt was by agreement used by the brother in creating a trust for the wife, and that the entire transaction was an attempt to conceal the money of the bankrupt by transferring it into the form of stock. The transfer complained of was the transfer of funds from the bankrupt's estate to another party for use, and the complaint sufficiently sets forth a tracing of those funds, so that relief could be granted if the facts are substantiated.

The motion to dismiss will be denied, and the defendants will be directed to answer over.