## WAITE v. GOTTSTEIN et al.

### (District Court, W. D. Washington, N. D.   May, 1915.)

### No. 53.

BANKRUPTCY ☞293—POSSESSION OF PROPERTY—PROPERTY OF TRUSTEE—JURISDICTION.

    Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 (Comp. St. 1913, § 9607), provides that suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them, unless by consent of the defendant, except suits for the recovery of property under sections 60b, 67e, and 70e. Section 60b provides that if a bankrupt shall have procured or suffered a judgment against him or made a transfer of his property within four months before the filing of the petition in bankruptcy, which judgment or transfer shall operate as a preference, it shall be voidable by the trustee and he may recover the property or its value, and any court of bankruptcy shall have jurisdiction concurrent with the state court of an action for that purpose. Section 67e requires the trustee to recover by legal proceedings property conveyed within four months prior to the petition with intent to defraud creditors. Section 70e requires the trustee to avoid any transfer by the bankrupt which any of his creditors might have avoided, and to recover the property from any person who may have received it except a bona fide holder for value, and gives the bankruptcy courts and state courts concurrent jurisdiction of actions for that purpose. *Held*, that an action by the trustee in bankruptcy to recovery property valued at $183 taken from the bankrupt by force does not come within any of the last three sections, and is not within the jurisdiction of the United States District Court.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. ☞293.]

In Equity. Suit by Robert W. Waite, trustee in bankruptcy, against J. L. Gottstein and others. On objection to the jurisdiction of the court. Objection sustained.

Edward H. Chavelle, of Seattle, Wash., for trustee.
Leopold M. Stern, of Seattle, Wash., for defendants.

NETERER, District Judge. The trustee in bankruptcy has commenced an action against the defendants to recover certain personal property alleged to have been forcibly seized by the defendant from the bankrupt, consisting of brandies, wine, etc., of the value of $183.-82; and it is further alleged that the estate has a value of $1,000, and claims against the estate of approximately $4,477.62 have been filed, and demand is alleged for the return of the property, and refusal, with prayer that the return thereof be directed. Defendants have entered a special appearance and challenged the jurisdiction of the court.

Section 23b of the Bankruptcy Act provides as follows:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e, and section seventy, subdivision e."

Section 60b of the act provides:

"If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before * * * adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall * * * have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Section 67 (4) makes it the duty of the trustee to recover and reclaim by legal proceeding or otherwise property conveyed, transferred, assigned, or incumbered by the bankrupt within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, which property, except as exempt by the law of the bankrupt's domicile, shall remain a part of the assets of the estate of the bankrupt and shall pass to the trustee.

Section 70e provides:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, * * * unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

I think it is apparent from an examination of the provisions of this act that the bankrupt could not proceed in this court for recovery of this property. Justice Day, in passing upon the same question in Harris v. First National Bank, 216 U. S. 382, 30 Sup. Ct. 296, 54 L. Ed. 528, upon an issue where the bankrupt prior to bankruptcy had delivered certain notes as collateral security to an overdraft, and on payment thereof the bank refused to return the notes, and in an action by the trustee to compel the return, and challenge to the court's jurisdiction, at page 385 of 216 U. S., at page 298 of 30 Sup. Ct., 54 L. Ed. 528, said:

"But we do not find it necessary to pass upon that question. Assuming for this purpose that actions may be brought by trustees in the courts of bankruptcy in cases coming within the terms of section 70, subd. 'e,' without the consent of defendant, we do not think the present action is one of that character. That subdivision provides for avoiding transfers of the bankrupt's property which his creditors might have avoided, and for recovery of such property, or its value, from persons who are not bona fide holders for value. In this action no such transfer is alleged; no attack is made upon a transfer by the bankrupt which would have been void as to creditors. The petition seeks to recover property held by the bank, if the allegations are true, which belonged to the bankrupt, and consequently passed to the trustee as the representative of the bankrupt's estate. The recovery sought is of property held for the

bankrupt estate which the defendant wrongfully refused to surrender. The District Court was right in denying jurisdiction of the suit."

The jurisdiction can only be sustained by bringing the allegations of the bill within the provisions of section 60b, section 67e, or section 70e of the act, and there are no allegations in this bill which bring it within any of these sections. The provisions of the Bankruptcy Act cannot be so enlarged and extended by the court as to give jurisdiction over a suit by a trustee to recover property of the bankrupt forcibly seized by a creditor against the will and without the collusion of the bankrupt and wrongfully held by such creditor without such person's consent.

The objection is sustained.