## FLANDERS v. COLEMAN.

(District Court, S. D. Georgia, E. D. March 16, 1918.)

1. EQUITY ⊚➾410(7)—ORDER OF REFERENCE—PRESUMPTION.
    Equity rule 59 (198 Fed. xxxv, 115 C. C. A. xxxv), declaring that, save in matters of account, a reference to a master should be made only upon a showing that some exceptional condition requires it, does not forbid a reference; and, where the cause is referred, it is to be presumed, on exceptions to the report, that the judge properly exercised his discretion.

2. EQUITY ⊚➾402—REFERENCE—OBJECTION—WAIVER OF OBJECTIONS.
    Where either party objects to an order of reference on the ground that it is improper under equity rule 59, the proper practice is to move before the judge for revocation of the order; and a failure so to move is tantamount to acquiescence, as the point cannot be initially raised before the master.

3. BANKRUPTCY ⊚➾293(2)—JURISDICTION.
    A court of bankruptcy is without jurisdiction, under Bankruptcy Act July 1, 1898, c. 541, §§ 23b, 60b, 67e, and 70c, 30 Stat. 552, 562, 564, 565, as amended (Comp. St. 1916, §§ 9607, 9644, 9651, 9654), of a suit in equity by the bankrupt's trustee to recover land, possession of which the bankrupt surrendered to his father within four months of adjudication, on the theory that title had passed to the bankrupt by virtue of a parol gift from the father; but the trustee's remedy is by suit in the proper state court, for there is no question of preference or voidable transfer.

4. BANKRUPTCY ⊚➾139(½)—MESNE PROFITS.
    Where a bankrupt, whose father had allowed him to go into possession, demised the land, taking rent notes in his own name, such notes represent the mesne profits or issues of the land, and the right thereto will follow the ownership of the land.

In Equity. Suit by R. A. Flanders, trustee of M. C. Coleman, bankrupt, against E. J. Coleman. Dismissed, without prejudice, in event that the parties agree as to the proportionate amount of rent notes to which the trustee was entitled on account of the bankrupt's demise of his own land, with land the record title to which was in defendant, but, in event of failure, the suit retained as to such question, and otherwise dismissed.

Saussy & Saussy, of Savannah, Ga., for plaintiff.

F. H. Saffold and Arthur Jordan, both of Swainsboro, Ga., for defendant.

BEVERLY D. EVANS, District Judge. This is a suit in equity by the bankrupt's trustee against an adverse claimant to recover a tract of land and certain notes given by the tenant for the rent of it. The jurisdiction of the court is invoked under sections 60b, 67e, and 70c of the Bankruptcy Act, as amended. The general scope of the bill is to the effect that, many years prior to the bankruptcy, the father of the bankrupt, who is the defendant, made a parol gift of the land to the bankrupt, who entered into possession of the land, made valuable and permanent improvements thereon on the faith of the gift, and that under the laws of Georgia the bankrupt became vested with a complete title thereto. About a year prior to the bankruptcy the bankrupt made a parol lease of the premises for five years, taking five

⊚➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

notes, payable to himself or bearer, maturing annually, for the rent of the land. Within four months of the filing of the petition to be adjudicated a bankrupt, the bankrupt, while insolvent, surrendered possession of and control over the land, and delivered four of the rent notes to the defendant (the other having been previously hypothecated to a bank), with intent, as alleged, to hinder, delay, and defraud his creditors. The defendant denied that he made any gift of the land as alleged to his son, the bankrupt, and averred that the land belonged to him and never belonged to his son, and that his son's possession was permissive, and by virtue of his consent that he might have the use of the land, and that the son's possession was his possession, and that the rent notes, although taken in the name of the son or bearer, were his notes. The defendant also pleaded to the jurisdiction of the court.

The matter was referred to a master, who filed a report advising a judgment in favor of the trustee for the recovery of the land and of a stated sum collected from two rent notes, and also for the unpaid notes which had not matured. Exceptions are filed to the master's report.

[1, 2] The exception that the order of reference to the master is void under equity rule 59 (198 Fed. xxxv, 115 C. C. A. xxxv) is without merit. The rule does not prohibit a reference of an equity cause to a master. It declares:

"Save in matters of account, a reference to a master should be the exception, not the rule, and shall be made only upon a showing that some exceptional condition requires it."

It is to be presumed that the judge properly exercised his discretion in making the reference, and, if either party desired to controvert the propriety of the reference, the proper practice would be to move before the judge for a revocation of the reference. The failure to make such motion is tantamount to acquiescence, and the point cannot be initially raised before the master.

[3] The conflict in evidence before the master revolved around the factum of a parol gift. The trustee submitted evidence tending to show circumstances from which a parol gift of the land might be inferred, while that of the defendant was to the point that he had permitted the bankrupt to use the land, and that no gift of it had been made. The evidence further disclosed that the bankrupt made a parol lease of the land for five years, taking five notes, payable to himself or bearer, and that within four months before the filing of the petition he delivered four of the notes to the defendant, having previously used one of them. The bankrupt and the defendant denied that a parol gift of the land had been made, and insisted that the bankrupt's possession was by permission and with the consent of the defendant. Under these circumstances, the question is presented as to the jurisdiction of the District Court to entertain the suit.

The Bankruptcy Act, as amended by the Act of 1910, declares that:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the

recovery of property under section sixty, subdivision b; section sixty-seven, subdivision e; and section seventy, subdivision e." Bankruptcy Act, § 23, subd. "b."

Subdivision "b" of section 60 makes provision for the recovery of preferences given by the bankrupt within four months before the filing of the petition in bankruptcy. Subdivision "e" of section 67 makes provision for setting aside fraudulent conveyances, and the recovery of the property so conveyed, at the suit of the trustee. Subdivision "e" of section 70 provides that a trustee may avoid any transfer by the bankrupt which any creditor might have avoided, and may recover the property so transferred, or its value, from any person, except a bona fide purchaser for value. The bankrupt did not create or undertake to create a preference, nor did he execute a conveyance; so that the record does not bring the transaction within the operation of section 60b, or section 67e.

Section 70e relates to the avoidance of transfers by the bankrupt, voidable at the instance of creditors, and the recovery of the property so transferred or its value. I construe this section to limit actions to cases where the defendant is alleged to claim title, and its consequent advantages, under the bankrupt, by virtue of a transfer from him. I do not think that the transaction as disclosed by the evidence, viewed either from the aspect of the trustee or the defendant, shows any transfer by the bankrupt of the land. Evidence favorable to the trustee's contention that the defendant had made a gift of the land to the bankrupt goes no farther than the parties now deny that a gift ever was made. If there was a gift of the land, the title still is in the bankrupt, and he has made no transfer of it which a court of equity may cancel. The trustee's remedy is by suit in the proper state court to recover the land. Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Harris, Trustee, v. First National Bank of Mt. Pleasant, 216 U. S. 382, 30 Sup. Ct. 296, 54 L. Ed. 528; Newcomb v. Biwer (D. C.) 199 Fed. 529.

[4] The rent notes represent the mesne profits or issues of the land, and their ownership and right of possession to same, under the facts, would follow the ownership of the land. With respect to the rent notes, this feature, not disclosed by the pleadings, appears in the evidence: The notes were given for a body of land, which included a small tract of 50 acres, which belonged to the bankrupt. This 50-acre tract went into the possession of the trustee, and there is no contest over its ownership. The defendant makes no claim to so much of the rent notes as equitably represents the rent of the 50-acre tract, and offers to account for same. Under the special facts of the case, I think that, upon the defendant's accounting for the rent of the 50-acre tract, the action should be dismissed, without prejudice to the right of the trustee to institute a suit in the state court to recover the land and mesne profits.

Accordingly, if the trustee and the defendant can agree on the amount, upon the payment of the same, the action will be dismissed in this court, without prejudice. If payment be not made, then so much of the action as relates to the recovery of the notes be retain-

ed, so as to permit a recovery of the amount of the rent of the 50-acre tract.

Let an order be prepared to this effect.