### SMITH et al. v. LYNCH.

#### (Circuit Court of Appeals, Fifth Circuit. April 10, 1923.)

#### No. 3974.

**1. Trusts �köö356(2)—Customer of broker, whose money was misappropriated, held entitled to securities into which it was converted.**

Where a deposit made by a customer with brokers to secure his account and "to be held" until his account was closed, before any purchase or sale by him was used by the brokers in payment for bonds bought by them, which were held in place of the money, and later other securities were substituted therefor, which came into the hands of receivers, *held*, that such use by the brokers was a misappropriation, and that the customer was entitled to the securities into which his money had been converted.

**2. Receivers ⊙⊶208—Court appointing ancillary receivers has jurisdiction to adjudicate local claims.**

A court appointing ancillary receivers may adjudicate a claim arising locally to property in the hands of its receivers, or its proceeds.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Receivership suit by the Beaver Boards Company against James Imbrie and others, in which Stephen A. Lynch intervened, claiming property in the hands of Theodore G. Smith and others, receivers. Decree for intervener, and receivers appeal. Affirmed.

For opinion below, see 282 Fed. 654.

Marion Smith and Max F. Goldstein, both of Atlanta, Ga. (Little, Powell, Smith & Goldstein, of Atlanta, Ga., and Zalkin & Cohen, of New York City, on the brief), for appellants.

John T. Dennis and Sam D. Hewlett, both of Atlanta, Ga., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. [1] On and prior to January 27, 1921, Imbrie & Co., a firm engaged in the stock brokerage business, having its principal office in the city of New York, maintained a branch office in Atlanta. On that day the Atlanta office received from the appellee, Stephen A. Lynch, a check for $10,000, accompanied by a written communication which stated:

"I am inclosing you herewith my check for ten thousand ($10,000.00), which you will hold for my account against any purchase of stocks on my order—same to be held by you until the account is closed. You have the right at any time to call for additional funds, at your option, on one day's notice."

That check was deposited to the credit of Imbrie & Co. in an Atlanta bank in which it had a deposit and checking account. On the same day the Atlanta office by telegraph informed the New York office of said deposit by appellee, whereupon, on the same day, the New York office telegraphed the Atlanta office as follows:

"Lynch gave you $10,000 to-day hold it there as we have shipped you 10 UIW 7 dft 9,500 which we want you to carry for us."

On the same day the New York office shipped to the Atlanta office $10,000 United Iron Works bonds with $9,500 draft attached. In due course those bonds reached Atlanta, and the draft accompanying them was paid by check on said Atlanta Bank, the surplus to Imbrie & Co.'s credit available for that purpose being the result of the deposit of appellee's $10,000 check. The bonds mentioned were held in the firm's safe deposit box in Atlanta until they were returned to the New York office upon other securities forwarded by the New York office being substituted for them. Thereafter there were several similar substitutions, by the last one of which 200 shares class A preferred stock of Chattanooga Coke & Gas Company were substituted for the securities so previously held and deposited. The certificates for those shares of stock were in the firm's Atlanta safe deposit box when the appellants were appointed receivers of Imbrie & Co.'s assets in the Northern district of Georgia after the appointment of receivers in a suit brought in the District Court for the Southern District of New York. After the appellee delivered his $10,000 check as above stated he gave Imbrie & Co.'s Atlanta office an order to sell short for his account 1,000 shares Coca-Cola stock. Book entries made by Imbrie & Co. on February 1, 1921, showed debits against appellee of 1,000 "Coca-Cola short." That transaction was closed on February 4 by purchasing 1,000 shares of Coca-Cola stock, with the result that there was due to appellee from Imbrie & Co. $12,007.50, made up of the $10,000 deposit and $2,007.50 profit. No part of the amount so due had been paid when the appellants were appointed receivers. Appellee did not learn of the disposition made of the proceeds of his above mentioned check until after the appointment of appellants as receivers. By the decree appealed from the appellee, pursuant to the prayer of an intervening petition filed by him, was adjudged to be entitled to the sum derived from the sale by the appellants as receivers of the above-mentioned 200 shares of Chattanooga Coke & Gas Company stock.

The evidence adduced required the conclusion that $9,500 of the proceeds of the appellee's $10,000 check were misapplied before there was any stock transaction against which the amount deposited was authorized to be held. Instead of it being made to appear that the amount so deposited was held for appellee's account against a purchase or sale of stocks on his order or was used in such a transaction, it was disclosed that before, so far as the evidence showed, anything was done on appellee's account most of the amount deposited was used in paying the draft which accompanied the $10,000 of United Iron Works bonds. The use made by Imbrie & Co. for their own purposes of the proceeds of the appellee's check was a misappropriation. In re Ennis, 187 Fed. 720, 109 C. C. A. 468. There was no stock transaction on appellee's account to be secured, except during the period from February 1st to February 4th. So far as appears, during that period nothing was done with the deposit or with the bonds for which part of the amount deposited had been exchanged. Appellee was entitled to claim property into which, in violation of his rights as beneficial owner, proceeds of his check went, or other property substituted therefor, whether the original property which was exchanged for part of the proceeds

of appellee's check was or was not bought or acquired by Imbrie & Co. with such proceeds. At appellee's election his beneficial ownership of such proceeds attached to the property into which part thereof was traced. Cook v. Tullis, 18 Wall. 332, 21 L. Ed. 933; Thomas v. Taggart, 209 U. S. 385, 28 Sup. Ct. 519, 52 L. Ed. 845; National Bank v. Insurance Co., 104 U. S. 54, 26 L. Ed. 693.

[2] It was not error for the court below to ascertain and enforce the rights of the appellee, a local party, to funds realized in its own jurisdiction, instead of requiring appellee to seek relief in another jurisdiction in which receivers were first appointed. Great Western Mining Co. v. Harris, 198 U. S. 561, 576, 25 Sup. Ct. 770, 49 L. Ed. 1163; Kirker v. Owings, 98 Fed. 499, 39 C. C. A. 132.

The decree is affirmed.