KING v. HIAWATHA SILK MILLS, Inc., et al.

(Circuit Court of Appeals, Second Circuit. January 25, 1924.)

No. 201.

1. Appeal and error ⬅71(4), 870(4)—Review of orders making allowances to receivers and counsel.

Ordinarily an order making allowances to receivers and their attorneys is interlocutory, and not appealable; but it may be brought up for review on appeal from the decree which finally fixes the compensation of the receivers and their attorneys, which is final and appealable.

2. Receivers ⬅204—Court has power to vacate or modify decree discharging receivers during the term or its extension by rule.

A decree settling the accounts of receivers and for their discharge may be vacated or modified by the court during the term, or within the time the term is extended for the purpose by rule of court.

3. Receivers ⬅209—Local creditors may intervene in ancillary receivership suit.

Local creditors may properly be allowed to intervene and assert rights in respect of matters dealt with in the jurisdiction of an ancillary receivership.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Herman King against the Hiawatha Silk Mills, Incorporated. F. M. Lynch and Allen P. Perley, ancillary receivers, and others, appeal from a decree made on intervention of Morimura, Arai & Co., modifying a prior decree making allowances to the receivers and counsel. Affirmed.

Appeal from a decree of the District Court for the Southern District of New York, entered July 7, 1923, amending ex parte orders entered on March 2, 1922, and May 1, 1923, respectively, by reducing certain allowances made to ancillary receivers and their attorneys. A bill in equity was filed by Herman King in the District Court for the Middle District of Pennsylvania against Hiawatha Silk Mills, Inc., in June, 1921, and Messrs. Perley and Lynch were appointed receivers by the District Judge. There were assets in the Southern District of New York, and the same persons were appointed ancillary receivers by the District Court for the Southern District of New York on June 10, 1921. On March 2, 1922, an order, dated March 1, 1922, was entered, authorizing the payment of $2,500 to Lynch and $3,000 to Myers & Goldsmith, attorneys for the receivers. On May 2, 1923, another order, dated April 30, 1923, was entered allowing Lynch a further sum of $2,000, Perley $4,500, and the attorneys for the receivers a further sum of $3,500. On June 30, 1923, Morimura, Arai & Co., a creditor, obtained an order to show cause why it

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

should not be permitted to intervene, and why the court should not reconsider the two orders, supra, which had made an aggregate allowance of $15,500.

After hearing the motion which thus came up, the District Judge on July 7, 1923, made a decree which reduced the allowances and awarded $2,125 to each receiver, $4,250 to the attorneys for the receivers, and provided that the receivers be not discharged nor their bonds canceled until the receivers had repaid $7,000, the amount of the reduction. It appears that on June 14, 1923, the receivers had obtained an ex parte order discharging themselves and canceling their bonds. This order was modified by the order of July 7, 1923, as follows: "Ordered that said F. M. Lynch and A. P. Perley be surcharged, * * * and that the said ancillary receivers be not discharged herein, nor the bonds filed by them canceled, until after repayment by them to the receivers of the amount so surcharged."

From the decree of July 7, 1923, the ancillary receivers and their attorneys appeal.

Mortimer C. Rhone, of Williamsport, Pa., and Myers & Goldsmith, of New York City, for appellants.

Putney, Twombly & Putney, of New York City, for respondent.

Elkus & Gleason (for Champlain Silk Mills and Gosho Corp.), and Rounds, Schurman & Dwight (for Salembier & Villate), all of New York City, amici curiæ.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). [1] If the court had power, the reduction of the allowances was within its discretion. Ordinarily an order making allowances is interlocutory, but in this case the order of July 7, 1923, surcharged the receivers as on a final accounting, and ordered that they be not discharged, nor the bonds filed by them canceled, until after repayment of the surcharged amount. Thus the order or decree of July 7, 1923, is a final and appealable order or decree. The order of March 1, 1922, provided that Lynch should receive $2,500 "on account of services rendered to date," and that the attorneys should receive $3,000 "on account of services rendered by them to date." Such an order is interlocutory and not appealable, but may be brought up for review under the decree, which finally fixes the compensation of receivers and their attorneys.

[2] The decree dated April 30, 1923, and entered May 1, 1923, was a final decree. After making the allowances, that decree provided that:

"Upon the filing of a proper receipt, duly signed by the said receivers of the District Court for the Middle District of Pennsylvania, * * *" the receivers "be discharged as receivers in this district and the bond given by them as such receivers canceled."

The order of June 14, 1923, which provided for the discharge of the ancillary receivers and the cancellation of their bonds, merely carried into effect the decree dated April 30, 1923. As the decree of April 30 was a final decree, the District Court had power to vacate or modify that decree. Rule 5 of the rules duly adopted by the District Court for the Southern District of New York provides as follows:

"For the purpose of taking any action which must be taken within the term of the court at which final judgment or decree is entered, each term of court is extended for ninety days from the date of entry of the final judgment or decree."

The decree of July 7, 1923, modifying the decree of April 30, 1923, was within the period provided for by rule 5, as such decree was entered on May 1, 1923. From the foregoing it is plain that the court had full power to make the decree of July 7, 1923, and to modify the allowances provided for in the two previous orders; i. e., dated March 1, 1922, and April 30, 1923, respectively.

Other questions may arise, where receivers under decree of the court have sold property under certain provisions in the decree of sale, as, for instance, in Farmers' Loan & Trust Co. v. Central R. R. of Iowa (C. C.) 7 Fed. 537; but such questions are not before us in this case. Here, during the life of the term of court, an order or decree was made which the court had power to make, and the discharge of the ancillary receivers and the cancellation of their bonds could not become effective so long as the District Court had the power to vacate or modify the order granting discharge and consequent cancellation of the bonds.

[3] The propriety of the order of intervention in the ancillary jurisdiction in respect of matters there dealt with is well settled. Smith v. Lynch (C. C. A.) 288 Fed. 552; Brooks v. Smith (C. C. A.) 290 Fed. 33.

Decree affirmed, with costs.