## BRAINARD v. SCHAINMAN et al.

### In re STEIN.

(District Court, N. D. California, S. D. May 2, 1925.)

### No. 1411.

1. **Bankruptcy ⚖ 11—Bankruptcy courts have not general jurisdiction at law or in equity except by consent.**

Under Bankruptcy Act (Comp. St. §§ 9585–9656) as originally enacted or as amended, bankruptcy courts have not general jurisdiction at law and in equity over adverse claimants except by consent.

2. **Bankruptcy ⚖ 293(1)—Bankruptcy court held without jurisdiction in trustee's suit to grant recovery against transferee of bankrupt's property in excess of the value of such property.**

Bankruptcy court, in suit by trustee under Bankruptcy Act, § 70e (Comp. St. § 9654), to recover property fraudulently conveyed, or its value, *held* without jurisdiction to grant a recovery against any particular defendant in an amount in excess of value of property received by him, on theory that he was liable as joint tort-feasor for value of all property fraudulently conveyed, particularly in view of sections 60b, 67e (sections 9644, 9651).

Suit by G. W. Brainard, trustee in bankruptcy of Nathan Stein, against Paul Schainman, Henry Cohn, and others. On exception to master's report. Decree for plaintiff granting partial relief only, and discharging temporary restraining order in part.

Henry Ach, Joseph Kirk, Hiram E. Casey, and Dinkelspiel & Dinkelspiel, all of San Francisco, Cal., for plaintiff.

William Klein, of San Francisco, Cal., for defendants.

KERRIGAN, District Judge. This is a suit in equity brought by the trustee of the estate of Nathan Stein, a bankrupt, who conducted business at San Francisco under the style of the People's Department Store. Plaintiff charges that the bankrupt and defendants, for the purpose of defrauding creditors of bankrupt, conspired to make fraudulent sales from bankrupt's stock of general merchandise, and that sales amounting to at least $38,000 were so fraudulently made; that such sales to defendant Schainman amounted to approximately $20,000, and to defendant Cohn approximately $7,-000. It is alleged that Schainman and Cohn commingled such merchandise with other stocks of merchandise of the same general character, and that it is not possible for plaintiff to locate or point out the merchandise so received. Plaintiff prays that said transfers be set aside, that defendants be decreed to account for all property so received, and for judgment against defendants and each of them for $38,000, and for such other relief as is proper in the premises. Restraining orders pendente lite are sought restraining defendants Schainman and Cohn from disposing of the stocks of merchandise with which the alleged fraudulently transferred merchandise has been commingled.

A preliminary restraining order was issued upon the trustee giving an indemnifying bond in the sum of $25,000, and the hearing on the order to show cause why such order should not be made to continue pending the hearing herein was referred to A. B. Kraft, referee in bankruptcy, as special master, to ascertain and report the facts with his conclusions therein, subject to full consideration by this court.

The matter now comes up on exceptions to the master's report after argument thereon. Defendant Schainman has appealed. The report concerns only the rule against defendant Cohn. The master recommends that the order be continued over merchandise of the value of about $3,700, which he reports Cohn admits was received from the bankrupt and which has been identified by Cohn and inventoried, but that the restraining order covering other merchandise at Cohn's place of business at 3236 Mission street be discharged. He expresses no opinion upon the merits of the case further than to state it has not been shown that Cohn received more than $7,000 worth of merchandise, being the amount stated in the complaint as the approximate amount received by Cohn. For the purpose of determining the matter of the restraining order, he assumes that plaintiff can prove the averments of conspiracy, but concludes, as a matter of law, that plaintiff can recover no more from Cohn in this suit than the value of property received by him, although he may be a party to the conspiracy under which $38,000 in value of merchandise was fraudulently transferred, and may be liable to the trustee in that amount before a court having jurisdiction to award judgment for damages; but that this court has no jurisdiction to decree a larger recovery against any of the defendants than the value of the merchandise actually received by such defendant. He further states that if plaintiff may be entitled to judgment of $38,000 against Cohn, he would recommend the continuance of the restraining order over all merchandise in Cohn's store.

A ruling at this time on the question of the extent of relief cannot be avoided. The master, in my opinion, did not exceed his authority under the reference in considering that question. Plaintiff is not entitled to a restraining order on the basis of a possible recovery of $38,000, if as a matter of law, on the face of his complaint and the showing made on the hearing of the order, his recovery cannot exceed approximately $7,000.

This case falls under section 70e of the Bankruptcy Act (Comp. St. § 9654), which reads as follows:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

[1] Relief here is limited to recovery of particular property transferred, or the value of that property, from the person who received it. General jurisdiction at law and in equity over adverse claimants, without consent of defendants, is not conferred on the United States courts under the Bankruptcy Act as originally enacted, nor has such jurisdiction been conferred by the amendments thereto. This subject is fully considered by the master, from whose report I quote the following:

"It may be said, and its sounds plausible, that if the trustee is entitled to recover the value of the goods, the court having acquired jurisdiction of the subject-matter and the persons, the trustee is entitled to recover that value from any defendant before the court who is liable to him therefor. And as, on proof of a conspiracy, all joint tort-feasors are individually liable in full to the injured party, the trustee is therefore entitled in this action to judgment for the value against each defendant shown to be a party to the conspiracy.

"I again call attention to the wording of section 70e, under which provision alone this court has jurisdiction here to award a judgment for value.

" 'Such property may be recovered (which, of course, refers to some particular property transferred) or its value collected from whoever may have received it.' This is not a grant of authority to award a judgment against every person who may be liable to the trustee on the same cause of action, but only authority to award a judgment against the person who actually received the value. Very good reasons may exist for limiting the concurrent jurisdiction of United States courts to recovery of the property or the value from the person who received it. The act shows a clear intent not to bring into United States courts controversies over debts, guaranties and damages, in which a bankrupt's estate may be involved, but to leave these matters to the courts which would have jurisdiction if bankruptcy had not intervened. This clearly appears in the pointed opinion of the Supreme Court in Bardes v. Bank, supra, 4 Am. Bankr. Rep. 163, 178 U. S. 524, 537, 20 S. Ct. 1000, 1005, 44 L. Ed. 1175, from which I make the following quotation:

" 'The Bankrupt Acts of 1867 and 1841, as has been seen, each contain a provision conferring in the clearest terms on the Circuit and District Courts of the United States concurrent jurisdiction of suits at law or in equity between the assignee in bankruptcy and an adverse claimant of property of the bankrupt. We find it impossible to infer that when Congress, in framing the act of 1898, entirely omitted any similar provision, and substituted the restricted provisions of section 23, it intended that either of those courts should retain the jurisdiction which it had under the obsolete provision of the earlier acts.

" 'On the contrary, Congress, by the second clause of section 23 of the present Bankrupt Act, appears to this court to have clearly manifested its intention that controversies, not strictly or properly part of the proceedings in bankruptcy, but independent suits brought by the trustee in bankruptcy to assert a title to money or property as assets of the bankrupt against strangers to those proceedings, should not come within the jurisdiction of the District Courts of the United States, "unless by consent of the proposed defendant," of which there is no pretense in this case.

" 'One object in inserting this clause in the act may well have been to leave such controversies to be tried and determined, for the most part, in the local courts of the state, to the greater economy and convenience of litigants and witnesses. See Shoshone Mining Co. v. Rutter, 177 U. S. 505, 511, 513.'

"In view of this decision and the fact that subsequent thereto Congress has on two occasions enlarged the concurrent jurisdiction of the United States courts, as shown (referring to the amendments of 1903 and 1910 to section 23 [Comp. St. § 9607] with reference to sections 60b, 67e and 70e [Comp. St. §§ 9644, 9651, 9654]), but has not included a general jurisdictional provision over adverse claimants, such as existed under the Bankruptcy Laws of 1841 and 1867 (5 Stat. 440; 14 Stat. 517) there is no room for the contention that general equity powers exist under which relief not contemplated by the amendments can be given.

"The point I desire to here reinforce is that where the trustee asserts a cause of action within the amendments, the limits of his action are confined by the provisions of such amendments and the court is without power to grant him relief beyond the provisions thereof—and such provisions must be strictly construed.

"In this case it is not alleged and has not been proved that Henry Cohn has received more than $7,000 in value of the property so fraudulently transferred. To render a further judgment is to award against Henry Cohn damages beyond the value received by him as a result of this conspiracy for which, in my opinion, there is no authority.

"An action sounding in damages only would not be an action within section 70e or within any provision of the law giving the United States courts jurisdiction of suits between the trustee and adverse claimants, without the consent of the defendants, and a mixed cause of action for recovery of property or its value and for damages, in my opinion, is not within the statute. As showing that these jurisdictional amendments are strictly construed, see Harris v. First Nat. Bank, 216 U. S. 382, 30 S. Ct. 296, 54 L. Ed. 528, 23 Am. Bankr. Rep. 632; Flanders v. Coleman (D. C.) 249 F. 757, 41 Am. Bankr. Rep. 727; Newcomb v. Biwer (D. C.) 199 F. 529, 29 Am. Bankr. Rep. 15."

[2] I agree with this construction of the law as applied to the facts here. I see no way in which this complaint can be construed to support a larger recovery than that indicated by the master. Defendants did not each receive $38,000 in merchandise or the value thereof. To the extent that plaintiff seeks to recover from any defendant an amount exceeding the value received by such defendant the action is nothing more nor less than an action for damages. Clearly there is no jurisdiction here to grant such relief. In the case of Lynch v. Bronson (D. C.) 177 F. 605, 24 Am. Bankr. Rep. 513, it was held that the court had no jurisdiction under section 67e of a suit by a trustee to recover damages for a conspiracy with the bankrupt, whereby the bankrupt, known by the defendants to be insolvent, transferred goods on credit and turned them over to defendants for less than their value—which is substantially this suit, so far as plaintiff seeks a recovery beyond the value received by each defendant. The jurisdiction given by the amendment of 1910, of suits under section 70e, is no different than the jurisdiction given by the amendment of 1903, of suits under section 67e, excepting that the action is not limited by the four months' period, and that where the property cannot be recovered judgment for the value thereof can be given against the person who received it. This cannot be extended to recovery of the value from a person who did not receive it.

The trustee may present an order restraining defendant Cohn, pendente lite, from removing or disposing of any of the merchandise received from the bankrupt, set out in the inventory referred to in the master's report.

The temporary restraining order against Cohn as to other merchandise in said store or elsewhere is discharged.