COHAN v. RICHMOND et al.
No. 105.

Circuit Court of Appeals, Second Circuit.
Dec. 7, 1936.

O'Brien, Driscoll & Raftery and Edward J. Clarke, all of New York City (Arthur F. Driscoll and Milton M. Rosenbloom, both of New York City, of counsel), for appellant.

Irvin A. Edelman, of New York City (Clarence S. Barasch, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal by the plaintiff from an order in a suit in equity, awarding an allowance under section 40 of the Copyright Act (17 U.S.C.A. § 40) to the defendants' attorney. The questions at issue are the propriety (1) of any allowance at all; (2) of the amount awarded; and (3) of a reference to assist in fixing it. The plaintiff is a composer of songs; on June 2, 1930, he filed a bill in two counts against the four defendants, the firm of Richmond and Mayer, the Robbins Company and Mills. The first count alleged that before October 20, 1904, Cohan had composed ten songs—parts of a musical play—which he had licensed Mills to print and publish at a royalty, and had authorized him to copyright on Cohan's behalf. Mills did copyright them on October 20, 1904, but failed to pay the royalties reserved, and by so doing was alleged to have forfeited any rights in the copyrights which thereupon reverted to Cohan. Richmond and Mayer, in disregard of Cohan's rights, had printed and distributed the songs and assumed to give licenses to others; so had the Robbins company. The second count alleged the same facts as to other compositions, except that it did not say that these had ever been copyrighted. The bill concluded, (Article Eighteen), by invoking the jurisdiction of the court because "the subject matter * * * has to do with copyrighted musical matter"; it prayed an injunction and an accounting. Richmond and Mayer filed an answer and counterclaim on February 19, 1931, and on March 23rd Cohan replied to the counterclaim. Thereafter a number of interlocutory proceedings took place; Cohan filed interrogatories, to which Richmond and Mayer excepted, but which they answered in November, 1931; in November 1932 Cohan gave notice of the taking of depositions, which on November 14, 1932, Richmond and Mayer moved to vacate, with what result does not appear. On November 21st they secured an order to show cause, returnable on the 29th, to dismiss the bill for insufficiency on its face, with a stay of all proceedings meanwhile. The return day was apparently adjourned from time to time; at any rate the motion did not come on to be heard until February 3, 1933, before Judge Bondy. On July 11th of that year he filed an opinion that the bill should be dismissed, upon which on August thirty-first Judge Woolsey passed a decree dismissing the second count unconditionally, and the first count with leave to plead over within thirty days. Cohan did not plead over, and on July 5, 1935, nearly two years later, upon Richmond and Mayer's ex parte application Judge Goddard dismissed the bill finally and declared that their attorney should be awarded an allowance to be fixed later. The attorney applied for his allowance shortly thereafter, asking $3,500, and the matter came on before Judge Patterson, who in August denied the application without prejudice, upon Cohan's insistence that he still meant to amend. As he continued to do nothing, the attorney renewed his application on November 4, 1935, at which time after argument it was referred to a master, who after several hearings filed his report on December 23, awarding $3,000. When this report came before the judge upon exceptions he cut the award to $2,000, but charged Cohan with the expenses of the reference, $297.50. From that order, passed March 30, 1936, Cohan appealed, including for review Judge Goddard's decree dismissing the bill and the order of reference. He argues that the suit was not under the Copyright Act; that if it was, only the judge who dismissed the bill could grant an allowance; that the amount was too large; and that it was improper to refer the issue.

The appeal properly included not only the order finally fixing the award, but the two earlier interlocutory decisions. These were not appealable as such; but when the controversy was finally ended by the order of March 31, 1936, they could be brought up along with it. Western Union Telegraph Co. v. United States & Mexican Trust Co., 221 F. 545 (C.C.A.8); King v.

682

Hiawatha Silk Mills, 296 F. 907 (C.C.A.2). The principal question—the amount of the allowance—lay indeed in the discretion of the court, but it was appealable nevertheless. Marks v. Feist, Inc., 8 F.(2d) 460 (C.C.A.2); Cunningham v. Douglas, 72 F. (2d) 536, 537, 539 (C.C.A.1).

 The first question is whether the bill laid a suit in equity under sections 34 and 36 of the Copyright Act (17 U.S.C.A. §§ 34, 36). Did the suit "arise under the copyright laws?" The second count certainly did not, for the plaintiff failed to allege that his songs had ever been copyrighted; but the first count alleged that Mills had taken out the copyrights in Cohan's behalf and that was enough, even without the claim that the title had reverted. The bill might be read as a suit for infringement, making Mills a party because he held the legal title as trustee, or because he had forfeited it to Cohan. Wooster v. Crane & Co., 147 F. 516 (C.C. A.8). When Judge Goddard dismissed the bill, following Judge Bondy's decree, it was therefore proper under section 40 to award an allowance to Richmond and Mayer's attorney; and while it may have been irregular for them to proceed ex parte, Cohan never moved to vacate the decree, and some award was not only proper, but followed almost as of course, for the suit had been found to be baseless on its face. Nor was it necessary that Judge Goddard should fix the allowance; he had no better acquaintance with the case than any other judge.

 Coming to the main question, we think that the award was not within any permissible latitude of discretion. The point upon which Richmond and Mayer won, was the insufficiency of the bill upon its face, which had been apparent from June 2, 1930, when it was filed. As in any other case these suitors were bound to make their loss as little as in reason they could. There was no warrant for delaying the motion for nearly three years, during which they engaged in numerous interlocutory proceedings and prepared for trial. That course they might of course follow if they chose, but the expense of it was on their account, not on Cohan's, for if they were right about the bill—as it turned out that they were—every other move was unnecessary. Losses due to their delay they must bear. We do not forget that it is at times good strategy not to advise your opponent of defects in his case until the trial;

he may learn to mend his hold in a way that might be difficult after the evidence is in. Some attorneys never demur for this reason, unless the fault is incurable. But Richmond and Mayer did not do this; it was as easy for Cohan to amend after Judge Bondy had decided the motion as it would have been in 1930; there was no reason for their delay, if they were to move at all. They can therefore charge Cohan only with the necessary services of their attorney upon the motion and upon getting the allowance itself. They filed with Judge Bondy a brief of thirteen pages directed chiefly to showing that the suit was upon the contract between Cohan and Mills, and did not depend upon any equitable interest in the copyright originally reserved, or later reverting through Mills's default. This brief contained only six or seven citations and involved no intricate questions. The plaintiff answered with a brief of seven pages containing ten or a dozen citations, and the defendants filed a reply of nine pages, devoted to a discussion of the plaintiff's citations. It is true that the notice of motion was accompanied by an affidavit, but that was unnecessary, for the issue had to be decided upon the face of the bill alone. The stay obtained while the motion was being heard, if not to be had for the asking, could have been obtained by an affidavit a page long. Although the attorney had to make two tries for his allowance, the papers need not have been different the second time, and should have been very short the first. By no stretch can we consent to allow more than four hundred dollars for all these services, however much Cohan may have said that his songs were worth.

 It is probable that the judge would not have sent the matter to a reference, had the claim been confined to what alone it should have contained. But when the defendants handed to him an affidavit, now occupying sixteen printed pages of the record, and claiming payment for all the services they had performed from the outset, it was not unreasonable for him to suppose that he had not the leisure to decide the issues; the fault was not his, but the defendants', who had so swollen the claim. It is true that the plaintiff did not seek to vacate the order of reference; he was right in not trying to do so, for, as things stood, a reference could scarcely have been avoided. The situation was therefore unlike that in Flanders v. Coleman (D.C.)

249 F. 757, where the suit showed upon its face that it should not have been referred. The order will be reversed; the defendants will be awarded four hundred dollars as an allowance for their recovery; they will not recover the expenses of the reference, $297.50, if they have paid them; if the plaintiff has paid them he may recoup himself out of the award.

Order reversed and cause remanded for further proceedings in accordance with the foregoing.