PARK, TRUSTEE OF SLAYDEN–KIRKSEY WOOLEN MILL, BANKRUPT, *v.* CAMERON.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TEXAS.

No. 293. Submitted May 14, 1915.—Decided June 1, 1915.

This action by the trustee to recover funds formerly belonging to the bankrupt corporation, not being a suit to avoid a transfer by the bankrupt of its property, but a suit against wrongdoers who had appropriated the bankrupt's property without its assent, is not one within §§ 23b and 70e of the Bankruptcy Act, and the District Court properly dismissed the bill for want of jurisdiction.

THE facts, which involve the right of a trustee in bankruptcy to recover funds formerly belonging to the bankrupt, are stated in the opinion.

*Mr. John Neethe, Mr. J. D. Williamson* and *Mr. Rhodes S. Baker* for plaintiff in error.

*Mr. Charles A. Boynton, Mr. W. M. Sleeper* and *Mr. Ben G. Kendall* for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by a trustee in bankruptcy to recover funds formerly belonging to the bankrupt. The District Court dismissed the bill for want of jurisdiction. The defendants in error admit that the court had jurisdiction of a suit by the trustee to recover property fraudulently transferred by the bankrupt, §§ 23b, 70e, but deny that this is such a suit. The plaintiff says that it is—so that our decision must rest upon an analysis of the bill. The trouble with it is that the cause of action is not very steadily conceived;

but in view of what seem to us the dominant allegations we are of opinion that the decree was right.

If we stopped with the opening averment it is uncompromising: that the bankrupt transferred to the defendants, for the purpose of defrauding its creditors, $8,250 in cash. The declaration goes on to tell that the defendants, being largely interested in the bankrupt Corporation, bought 275 shares of one Altgeld to prevent the depreciation of the stock on the market; that they sold them to Harris, but had trouble about collecting the price (two notes for $4,125 each, secured by the stock), Harris discovering that he had been overreached; that thereafter the defendants, being directors, conspired with one Kirksey, the general manager, and induced him to make a pretended purchase of the stock, but really for the Corporation, and to use in payment for the same $8,250 of the Corporation's funds; that the Corporation had no funds with which to purchase its own stock but was heavily involved and that the sale was void; that the purchase was a pretense to purchase the stock from the defendants and that $4,125 of the Corporation's funds were received by each of them. Then it is alleged that the defendants knew or ought to have known that the Corporation was not indebted to Kirksey, that it was insolvent, and 'that the stock so pretended to be sold by them, either to the said Kirksey, or to the said Corporation, was of no value' and that the money received was the property of the bankrupt. So far it might seem that the declaration sustained the plaintiff's contention. But it continues that the Corporation did not authorize the foregoing transactions or ratify them, and that the defendants knew it; and 'that to conceal said misapplication of funds' the defendants caused entries to be made on the Corporation's books making the transaction appear to be a purchase of the stock by Kirksey, contrary to the facts, 'and the defendants knew said S. F. Kirksey, Jr., was not to repay said funds to said Corpora-

tion' and the liability was not intended to be a *bona fide* one and afterwards pursuant to the conspiracy was cancelled and retired. The other allegations are not material to the question before us. Those that we have recited seem to us in their conclusion to import not that the corporation has done anything, but that certain of its officers by false pretenses have withdrawn its funds. If so the suit is not to avoid a transfer by the bankrupt of its property, but a suit against wrongdoers who have appropriated it without the bankrupt's assent, and therefore not within §§ 23b and 70e of the Act.

*Judgment affirmed.*