## CARMICHAEL et al. v. BARRETT.

Circuit Court of Appeals, Fifth Circuit.
October 20, 1928.

No. 5360.

See, also, Carmichael v. National Park Bank of New York, 28 F.(2d) 691.

Orville A. Park, of Macon, Ga., and Carl N. Davie, of Atlanta, Ga., for appellants.

B. F. Boykin and S. C. Boykin, both of Carrollton, Ga., and H. D. Russell, of Macon, Ga. (Boykin & Boykin, of Carrollton, Ga., and Brock, Sparks & Russell, of Macon, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the record discloses the following state of facts: The Carmichael-Mallet Company was adjudicated bankrupt September 22, 1927, in involuntary proceedings instituted September 1, 1927. In January, 1920, its capital stock had been increased from $25,000 to

$75,000. J. H. Carmichael was a stockholder and gave his note for $13,500 in payment of his increased subscription. The note was carried by the company, secured by the new stock issued, until January 5, 1927, when the capital stock was reduced to $37,500. At that time J. H. Carmichael surrendered the certificates of stock, and his note was canceled and returned to him. He died April 2, 1927. He was also a stockholder of the Farmers' & Merchants' Bank of Jackson, Ga., which institution failed, and its affairs were being liquidated by the state superintendent of banks, J. B. Mobley. In the course of liquidation, an assessment was made against Carmichael and an execution issued against his estate to collect an assessment of $25,200. In November, 1927, appellee, as trustee of the bankrupt, filed a bill against the administrators of Carmichael's estate seeking to recover the note or in the alternative to establish a claim against the estate for the amount of same, alleging that the reduction of the stock of the bankrupt was illegal and a fraud upon its creditors, and that the note constituted property of the bankrupt estate fraudulently transferred in violation of section 70, subd. (e), of the National Bankruptcy Act. 11 USCA § 110 (e). Mobley, superintendent of banks, was made a party to the bill, and an injunction was sought against him and against the administrators to prevent the payment of the assessment above referred to. The bankrupt and all the other parties are citizens of Georgia. Objection to the jurisdiction of the court was timely interposed by the defendants and overruled. Evidence was taken, and a judgment was rendered substantially as prayed for.

It is unnecessary to consider the improper joinder of the cause of action asserted against Mobley. It is clear the suit could not have been maintained by the bankrupt in a federal court for want of diversity of citizenship. As the transaction complained of occurred more than four months prior to bankruptcy, the plaintiff cannot depend for jurisdiction on either section 60b or section 67e of the Bankruptcy Act (11 USCA §§ 96, 107), and must rely on the theory that the cancellation and the return of the note was a transfer of property sufficient to support the suit under the provisions of section 70e. We think the theory is untenable. The reduction of the capital stock of the bankrupt was perhaps irregular, but that is immaterial. With the surrender of the consideration, the cancellation of the note, and its return to its maker, it ceased to exist, and was not property constructively vesting in the trustee with the ad-

judication or for which a creditor might have sued to recover. If the trustee has an action at all against the estate of Carmichael, it is merely to collect a debt arising from the stock subscription. This would not be a suit to recover property under the provisions of section 70e. Park v. Cameron, 237 U. S. 616, 35 S. Ct. 719, 59 L. Ed. 1147.

It follows that the District Court was without jurisdiction to entertain the suit.

Reversed and remanded, with instructions to dismiss the bill.