## COOK v. GLOVER et al.

### No. 865–D.

District Court, E. D. Illinois.

March 15, 1938.

Gertrude G. Huitt, of East St. Louis, Ill., and Howard A. Swallow, of Danville, Ill., for plaintiff.

Smith, George & McCollum, of Flora, Ill., for defendant Pure Oil Co.

Baird & McCarty, of Olney, Ill., for other defendants.

LINDLEY, District Judge.

Plaintiff, as trustee in bankruptcy of one Hundley, avers in his amended bill of complaint that a decree of the state court entered on November 22, 1935, directing strict foreclosure of a mortgage upon the bankrupt's land should be set aside because void for failure to comply with certain requisites of the law governing such foreclosures, and that, upon payment of the mortgage indebtedness, the land be freed of the decree and the mortgage and delivered to plaintiff. The mortgagee and its subsequent grantees are parties defendant. They insist in their motions to dismiss, first, that the court has no jurisdiction of the subject matter or the parties; and, second, that the decree of foreclosure, even if erroneous, cannot be attacked collaterally.

At the outset we are confronted with a serious question as to jurisdiction. The decree of strict foreclosure ordered that the defendants therein, including the bankrupt, be forever barred and foreclosed of all equity of redemption or right in the mortgaged premises, and that, upon failure to pay the indebtedness found due within three months, the title of the mortgagee become absolute. This decree, if in compliance with the requirements of the law, was valid in the state of Illinois. Flagg v. Walker, 113 U.S. 659, 5 S.Ct. 697, 28 L.Ed. 1072; Johnson v. Donnell, 15 Ill. 97. The adjudication in bankruptcy, upon the debt-

or's voluntary petition, occurred on June 9, 1936, nearly seven months subsequent to the entry of the decree. Prior to adjudication the time for redemption expired without payment of the indebtedness, and the master in chancery, probably needlessly, executed a deed to the mortgagee.

Section 23 of the Bankruptcy Act, 11 U.S.C.A. § 46, provides that the District Court shall have jurisdiction of suits at law and in equity between trustees and adverse claimants concerning property acquired or claimed by the trustee in the same manner and to the same extent only as if bankruptcy proceedings had not been instituted and such controversies had been between the bankrupt and such adverse claimants; that such a suit by a trustee be prosecuted in the court where the bankrupt's estate is being administered only if the bankrupt might have brought it if proceedings in bankruptcy had not been instituted, unless by consent of the defendant, and except suits for the recovery of property under sections 60b, 67e, 70e, 11 U.S.C.A. §§ 96(b), 107(e), 110(e). The last exception of suits under section 70e was added by the amendment of 1910. Section 60b provides for recovery of property preferentially transferred by the bankrupt within four months of bankruptcy. Section 67e provides for recovery of property fraudulently transferred by the bankrupt within four months. Clearly, the present suit is not within the terms of either sections 60 and 67, and if it is to be maintained in this court it must be within the provisions of section 70e. That section gives to the District Court jurisdiction of any suit by the trustee to avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided. Consequently, the question involved is whether this suit is one to avoid a transfer by the bankrupt of property which his creditors might have avoided?

The bankrupt was a party to the decree of foreclosure and defaulted. Some seven months later he applied for and procured an adjudication in bankruptcy. Prior to that time, prima facie at least, the title had become vested in the mortgagee by virtue of the foreclosure proceeding. Plaintiff seeks to avoid the decree on the ground that it did not comply with the law, to be allowed to pay the mortgage indebtedness in full and to receive the title to the land. Plaintiff does not attack the validity of the original transfer, the mortgage. He admits that the mortgage indebtedness is a prior lien upon the premises, but he asserts that the title of the mortgagee and his subsequent grantees by virtue of the decree is void. Obviously, the suit is not one to set aside a transfer of the bankrupt's property which a creditor might have maintained, but is in the nature of a bill to redeem from a valid mortgage.

In Harris, Trustee, v. First National Bank, 216 U.S. 382, 30 S.Ct. 296, 298, 54 L. Ed. 528, the Supreme Court had before it a bill brought by the trustee in bankruptcy against a bank to recover, as he alleged, collateral security held in excess of the admitted secured indebtedness of the bankrupt to the bank. This excess, it was claimed, after determination of the amount of indebtedness actually due the bank and after payment thereof, should be surrendered to the trustee. Mr. Justice Day, after pointing out that the suit was not within sections 60b and 67e, concluded that it was not within section 70e, saying: "That subdivision provides for avoiding transfers of the bankrupt's property which his creditors might have avoided, and for recovery of such property, or its value, from persons who are not bona fide holders for value. In this action, no such transfer is alleged; no attack is made upon a transfer by the bankrupt which would have been void as to creditors. The petition seeks to recover property held by the bank, if the allegations are true, which belonged to the bankrupt, and consequently passed to the trustee as the representative of the bankrupt's estate. The recovery sought is of property held for the bankrupt estate, which the defendant wrongfully refused to surrender. The District Court was right in denying jurisdiction of the suit, and its judgment is affirmed."

In the later case of Flanders v. Coleman, 250 U.S. 223, 39 S.Ct. 472, 63 L.Ed. 948, the court distinguished a suit brought to avoid transfers under sections 60b, 67e and 70e, and adhered to its decision in Harris v. First National Bank. See, also, Kaigler v. Gibson et al., D.C., 264 F. 240, at page 242. In Plaut v. Gorham Mfg. Co. et al., D.C., 174 F. 852, the court held that suit might not be maintained by a trustee in the District Court to recover a leasehold interest claimed by the landlord to have been terminated by a judgment in proceedings dispossessing the bankrupt, the property not being in the custody of federal court, on the ground that no transfer

by the bankrupt was involved. See, also, In re Patterson-MacDonald Shipbuilding Co., D.C., 284 F. 281; Park v. Cameron et al., 237 U.S. 616, 35 S.Ct. 719, 59 L.Ed. 1147; Kelley v. Gill, 245 U.S. 116, 38 S.Ct. 38, 62 L.Ed. 185. Thus the Supreme Court said that a suit to decree a trust in property, where it was not sought to avoid any transfer made by the bankrupt, was not within the jurisdiction of the federal court without consent of the defendant. Park v. Cameron, 237 U.S. 616, 35 S.Ct. 719, 59 L. Ed. 1147. See, also, Newcomb v. Biwer, D. C., 199 F. 529.

Here it is not sought to avoid any transfer made by the bankrupt. Indeed, it is admitted that the mortgage was valid and that the indebtedness thereon constituted a first lien upon the premises. It is a suit against a secured creditor to recover the alleged surplus value of the property conveyed to him by a valid mortgage. The cause comes clearly within Harris v. First National Bank, supra.

Plaintiff relies upon Johnson v. People's State Bank of Beaverton, D.C., 22 F.2d 211; Buffum v. Barceloux Company, 289 U.S. 227, 53 S.Ct. 539, 77 L.Ed. 1140; Stefan, Trustee, v. Raabe et al., 8 Cir., 1 F.2d 129. Buffum v. Barceloux Company was a suit brought by a trustee to avoid a secret and unfair pledge on the ground that it was a scheme of the parties to defraud the pledgor, clearly a suit to set aside the pledge as fraudulent, and to recover the property or its value. The court found that there was a fraudulent plan to take the property and hold the creditors at bay. This obviously was fraud. Consequently, the transfer was one within section 70e. Stefan, Trustee, v. Raabe et al., supra, involved a suit by a trustee to set aside a decree of foreclosure on the ground that there was between the parties a fraudulent scheme to defraud the creditors of the property and to recover a preference. Clearly the District Court had jurisdiction under sections 60 and 67. Johnson v. People's State Bank of Beaverton, supra, was a suit attacking a chattel mortgage sale on the ground that it had not been conducted in good faith and with diligence; in other words, to recover on the ground of fraud. This clearly was within section 70e as a transfer by the bankrupt which a creditor might have avoided.

Under section 23b, as amended, 11 U. S.C.A. § 46(b) this court is endowed with only a limited jurisdiction over suits brought by a trustee to bankruptcy to recover property not in the possession of the bankruptcy court. If the suit is one that might not have been maintained in the federal court, if bankruptcy had not intervened and if the defendant does not consent to the jurisdiction, the jurisdiction must rest upon facts showing (1) the transfer to have been a preference, made within four months; or (2) a transfer to defraud creditors made within four months before the adjudication, when the bankrupt was insolvent; or (3) a fraudulent transfer made by the bankrupt which a creditor might have avoided. The bill relies upon no one of these special states of facts, but seeks merely to reach property in the hands of third persons as the bankrupt's property. Consequently, it is beyond the jurisdiction of this court as Congress has limited it. The motion to dismiss must be and is hereby allowed. An exception is allowed plaintiff.