### CONWAY v. BONNER.*
No. 8742.

Circuit Court of Appeals, Fifth Circuit.
Jan. 5, 1939.

*Rehearing denied Feb. 27, 1939.

W. W. Naman, of Waco, **Tex.**, for appellant.

Walker Saulsbury and Byron Skelton, both of Temple, Tex., for appellee.

Before HOLMES and McCORD, Circuit Judges, and DEAVER, District Judge.

HOLMES, Circuit Judge.

This is a suit by appellant as trustee for the J. E. Chambers Company, Bankrupt, to recover certain shares of stock in other corporations obtained by appellee, a director of the bankrupt, about six months before bankruptcy, in exchange for the stock owned by appellee in the bankrupt corporation.

It appears from the record that the bankrupt continued in business until just prior to its adjudication. No attempt was made to prove actual fraud in the exchange of stock. Appellant alleged that the bankrupt was insolvent at the time of the transaction, and, for that reason, appellee, as a director, was trustee of the assets of the corporation for the benefit of its creditors. Much testimony was introduced to prove insolvency at the time of the transfer, on the theory that the corporation was insolvent if its total assets were less than its debts. Cf. San Antonio Hardware Co. v. Sanger, Tex.Civ.App., 151 S.W. 1104, 1107.

Whatever the proof may have been upon this issue, we are bound by the Texas decisions as to what constitutes such insolvency as is necessary to make the directors of a corporation trustees for the benefit of creditors. A review of the Texas decisions discloses that a corporation is not held to be insolvent so long as it continues to be a going concern, conducting its business in the ordinary way, without some positive act of insolvency, such as the filing of a bill to administer its assets, or the making of a general assignment. Under these decisions, it appears that such fiduciary relationship as exists is in favor of the corporation alone. Advance-Rumely Thresher Co. v. Moss, Tex.Civ.App., 213 S.W. 690; Temple Lumber Co. v. Pineland Naval Stores Co., Tex.Civ.App., 25 S.W.2d 675; Wolfe v. State Inv. Co., Tex.Civ.App., 95 S.W.2d 511; Conrick v. Houston Civic Opera Ass'n, Inc., Tex.Civ.App., 99 S.W.2d 382. Cf. Baylor University v. Chester Sav. Bank, Tex.Civ.App., 82 S.W. 2d 738.

It follows that appellant has not sustained his alleged right of recovery in the right of the creditors. That such a right may have accrued to the corporation appears from the following decisions: Green v. Hugo, 81 Tex. 452, 17 S.W. 79, 26 Am.St.Rep. 824; Davis v. Nueces Valley Irr. Co., 103 Tex. 243, 126 S.W. 4; San Antonio and G. S. Ry. Co. v. San Antonio and G. R. Co., 25 Tex.Civ.App. 167, 60 S.W. 338; Allen v. Hutcheson, 57 Tex.Civ. App. 71, 121 S.W. 1141; Canadian Country Club v. Johnson, Tex.Civ.App., 176 S.W. 835.

It may be conceded that appellant has stated facts on which he could recover in the right of the bankrupt. Bankruptcy Act, Sec. 70a (3), 11 U.S.C.A. 110 (a) (3). Section 23 of the act (11 U.S.C. A. § 46) confers jurisdiction on the district court in actions brought by the trustee under section 60b, 11 U.S.C.A. § 96 (b), and section 67e, 11 U.S.C.A. § 107e, both of which sections confer rights upon the trustee which could not have been enforced by creditors or the bankrupt, and in actions brought by the trustee under section 70e, 11 U.S.C.A. § 110 (e), which relates to rights of the creditors which may be enforced by the trustee. In all other cases, jurisdiction is withheld from the district court, unless the right could have been enforced therein by the bankrupt had bankruptcy not intervened. The bill of complaint contains no jurisdictional allegations under the latter theory, and the record indicates that such jurisdiction does not exist. Therefore, the court is without jurisdiction to grant relief except on the action of the trustee in the right of creditors. Park v. Cameron, 237 U.S. 616, 35 S.Ct. 719, 59 L.Ed. 1147; In re Prima Co., 7 Cir., 98 F.2d 952, 956.

The appellee predicated his suit entirely upon the trust fund doctrine, and relied for recovery solely upon the right of the creditors. If he had sought to recover in the right of the corporation, and the appellee had consented or had not objected to federal jurisdiction, there would have been a different case before us. Since, on the pleadings, the court has jurisdiction of this suit only as one brought in the right of the creditors, and it appears that the proof will not support such a recovery, the judgment of the district court must be affirmed.

Affirmed.