**SIEGEL v. MUNICIPAL CAPITAL CORPORATION et al.**

No. 193.

Circuit Court of Appeals, Second Circuit.
April 3, 1939.

Samuel Sussman, of Brooklyn, N. Y. (Nathan B. Fogelson, of New York City, of counsel), for complainant-appellant Isadore Siegel, as Trustee in Bankruptcy of Lion Varnish Works, Inc.

Herman G. Robbins, of Brooklyn, N. Y. (J. Irving Weissman, of Brooklyn, N. Y., on the brief), for defendants-appellees Municipal Capital Corporation and Murray Fisch.

Before SWAN and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS, N. HAND, Circuit Judge.

The complainant, acting as trustee in bankruptcy of Lion Varnish Works, Inc., a New Jersey corporation, in a proceeding under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, brought this suit under Sections 67e and 70e of that act, 11 U.S.C.A. §§ 107(e), 110(e), to set aside and recover certain alleged fraudulent transfers. Judge Byers granted a motion by the defendants Municipal Capital Corporation and Murray Fisch to dismiss the bill for lack of jurisdiction and the complainant appeals from the order of dismissal. We hold that the order was right and should be affirmed.

The pleadings indicate that the estate of one Samuel Parnes owned various lots of land in City of Linden, New Jersey, which in September, 1936, it sold to DeWitt-North Broad, Inc., a New Jersey corporation formed by Elkin, the president of Lion Varnish Works, Inc., to take title from the Parnes Estate. The consideration for the sale was $11,200 and consisted of $500 in cash and a purchase money mortgage for $10,700. The cash was apparently furnished by Elkin from assets of Lion Varnish Works, Inc. In October, 1936, DeWitt-North Broad, Inc., transferred the lots to Selected Properties Inc., a New Jersey corporation likewise formed by Elkin to take the title, and of which he held all the stock in trust for the debtor. After the transfer of the lots to Selected Properties, Inc., Elkin used the funds, credit and labor of the Lion Varnish Works, Inc., to the extent of

$25,000, for the construction of fifteen houses thereon. On March 4, 1937, the Parnes Estate began a suit in the Court of Chancery of New Jersey to foreclose its mortgage, and, pending foreclosure, released for the sum of $2,100 certain lots from the lien of the mortgage. Notwithstanding the receipt of $2,100 by the Parnes Estate it procured the entry of a decree in foreclosure pro confesso for $11,052.71, the full amount of the mortgage, without crediting the $2,100 thereon. The property was bid in at foreclosure for $11,052.71 by Samuel and Anna Werbel, citizens of New Jersey, under an arrangement made by them with defendants Municipal Capital Corporation, a New York corporation, and Murray Fisch, its secretary and treasurer, whereby the latter were to pay the amount of the Werbels' bid and the Werbels were to receive a bonus. Municipal Capital Corporation and Murray Fisch thus obtained the lots improved by the houses which had been built and also obtained supplies on the premises of the value of $10,000.

The bill alleged that Elkin, the administrators of Parnes, the Werbels, Municipal and Fisch conspired to defraud the debtor of its property and to hinder, delay and defraud its creditors in order that Municipal might be paid a claim which it had against Elkin. The bill sought to set aside the transfers of the lots and the supplies and to secure possession of the same or the proceeds thereof, or to be awarded the value. It was filed under Sections 67e and 70e of the Bankruptcy Act to set aside and recover transfers of property of the debtor made by it with intent to defraud its creditors.

The only defendants that have been served or have appeared are Municipal Capital Corporation and Murray Fisch.

The theory upon which the trustee of the debtor appears to seek to recover property alleged to belong to the latter is that its president Elkin claims to have held all the stock of Selected Properties in trust for the debtor, that the lots in New Jersey were to the extent of $500 purchased with funds of the debtor, that the latter paid and assumed liability for material and labor that went into the construction of the houses erected on the lots and that Municipal came into possession of supplies found thereon which were derived from the debtor and were converted by Municipal and Fisch. It is evident, however, that the land never belonged to the debtor but to Selected Properties and that through the decree in foreclosure it passed to the Werbels and afterwards to Municipal.

The bill contains no allegations tending to establish that the creditors of the debtor have any interest in the land in question. It appears to indicate that they do have an interest in the stock of Selected Properties for it alleges that Elkin holds the stock in trust for the debtor. But Selected Properties is a separate corporate entity that may have rights of action and creditors of its own. It has not been made a party to the suit and an adjudication that would affect it could not properly be made without its presence. A suit resting on the ownership of the stock of Selected Properties would be in essence a stockholder's bill requiring the corporation to be made a party. The suit is not framed as a stockholder's bill nor does it join the parties necessary for the assertion of a cause of action by a stockholder.

It is true that diverse citizenship is not required to sustain a suit brought under Sections 67e and 70e of the Bankruptcy Act which under Section 23b, 11 U.S.C.A. § 46 (b), is excepted from the general rule that suits by a trustee in bankruptcy shall only be brought "in the courts where the bankrupt * * * might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant * * *". The foundation of a suit under Sections 67e and 70e is a fraudulent transfer by the bankrupt of its property. Here the debtor never owned the lands in question and the transfers of the moneys, credits and supplies were alleged to have been made by Elkin, its president, from its assets, with intent to defraud the debtor in order to serve Elkin's personal ends and to enable him to satisfy claims which Municipal was asserting against him. Even if the land as well as the moneys, credits and supplies were regarded as the property of the debtor it was transferred by Elkin acting adversely to Lion Varnish Works, Inc., and without any authority or ratification by it. The facts, therefore, differ from those before the court in Irving Trust Co. v. Kaminsky, D.C., 22 F.Supp. 362, where the transfer relied on was by an individual debtor acting through a dummy corporation set up for his convenience. There is nothing in the record before us to show that the debtor was the mere alter ego of Elkin and that its rights as a corporate entity ought to be

disregarded. The present suit like that before the Supreme Court in Park v. Cameron, 237 U.S. 616, 618, 35 S.Ct. 719, 59 L.Ed. 1147, is not one to avoid a transfer by the bankrupt of its property, but one against wrongdoers who have appropriated its property without the bankrupt's assent. It, therefore, does not come within Sections 67e and 70e of the act.

In spite of the fact that the cause of action attempted to be set up under Sections 67e or 70e was not "very steadily conceived", as Justice Holmes cautiously remarked in Park v. Cameron, supra, nevertheless it may be thought that some other cause of action is implicit in the bill of complaint. But if so, the jurisdiction of the district court would necessarily be based on diverse citizenship. No diverse citizenship is shown between Lion Varnish Works, Inc., and Elkin, or the administrators of Parnes, or the Werbels, or Selected Properties, Inc., and the last named would be an indispensable party if the complaint could be regarded as a stockholder's bill. Diverse citizenship apparently is alleged between Lion Varnish Works, Inc., a New Jersey corporation and Municipal Capital Corporation, a New York company. If the complaint were reframed so as to set forth a cause of action for conversion by Municipal Capital Corporation of the $10,000 of supplies, and if the suit were then discontinued as to all other parties except Fisch (and as to him unless he were shown to be of a different citizenship from that of the debtor) the case might then be transferred to the law side of the court and continued as an action for conversion of the supplies. This, however, would involve a complete change of the form of action stated—a change which has never been sought by the complainant, so far as the record shows. We see no reason for modifying the disposition by Judge Byers of the motion to dismiss, when it was clearly right on the record before him, in order to enable the complainant to seek recovery on a cause of action entirely different from the one alleged, which would be founded on conversion rather than fraud, and of a far more limited range than the one pleaded or suggested here.

The bill was properly dismissed and the order to that effect is affirmed.

NOTE: Judge MANTON sat at the argument of this appeal but resigned before the opinion was written.