29811. BROWNLOW *v.* DAVIS, trustee.

DECIDED MARCH 13, 1943.

*Alec Harris,* for plaintiff in error.
*Leon & Dean Covington, J. R. Smith,* contra.

STEPHENS, P. J. John W. Davis, as trustee in bankruptcy of Miller Distributing Company, filed suit against Tom N. Brownlow, and alleged, that he was the duly elected, qualified, and acting trustee in bankruptcy of the estate of Miller Distributing Company, bankrupt; that on information based on the sworn testimony of the defendant in the bankruptcy proceedings the plaintiff alleged that on August 30, 1941, Leath A. Miller, a member of such distributing company, which was a partnership composed of Miller and Charles H. Grace, paid to the defendant $900 in cash from the assets of the partnership; that the defendant claimed, by his testimony in the bankruptcy court, that he won this sum from Miller in a gambling game played with dice on August 29, 1941; that the plaintiff has demanded of the defendant that he refund this money and pay it over to the plaintiff, which demand was refused by the defendant; that the defendant converted this sum to his own use; that this conversion was the result of a deliberate and intentional disregard of the right of the partnership, and of the plaintiff as its trustee in bankruptcy; that the partnership's title to and rights in such money did not pass by reason of such transaction

between Miller and the defendant; that notwithstanding this the defendant fails and refuses to deliver or pay over this money to the plaintiff as trustee in bankruptcy of such partnership; that the acts and conduct of the defendant in converting this money to his own use amount to a wilful and malicious injury to the property and rights of the bankrupt partnership and of the plaintiff as its trustee; and that since the paying over of the money by Miller to the defendant the Miller Distributing Company has been adjudged a bankrupt. The plaintiff prayed for judgment against the defendant for such sum as money illegally converted by the defendant to his own use. The defendant filed a general demurrer on the ground that the petition did not set forth a cause of action. The judge overruled this demurrer, and the defendant excepted.

The plaintiff, as trustee of the partnership which had been adjudicated a bankrupt, is vested by operation of law "with the title of the bankrupt, as of the date of the filing of the petition in bankruptcy, . . to all . . rights of action arising upon contracts, or usury, or the unlawful taking or detention of, or injury to, his property." 11 U. S. C. A. § 110. In *Smith* v. *Ray*, 89 *Ga.* 838 (16 S. E. 90), it was held: "One who receives the money of another from a third person by winning it at a game of chance played with such third person, is liable to the owner in an action for money had and received, and the right of action does not rest upon the statute, but upon the common law." The money in the case now before the court which the partner extracted from the partnership and lost to the defendant in a gambling game was recoverable of the defendant by the partnership. As provided in section 70 of the bankruptcy act, codified in 11 U. S. C. A. § 110, title to "rights of action arising upon contracts or usury or the unlawful taking or detention of or injury to his [the bankrupt's] property," where such right of action was in existence at the time of the bankrupt's adjudication as a bankrupt, as in the case now before the court, is vested in the trustee. The trustee is entitled to recover on such right of action against the wrong-doer.

The cases of Harris *v.* First National Bank of Mt. Pleasant, 216 U. S. 382 (30 Sup. Ct. 296, 54 L. ed. 528, 23 Am. Bankr. R. 632), and Park *v.* Cameron, 237 U. S. 616 (35 Sup. Ct. 719, 59 L. ed. 1147), are distinguishable from the case now before this court. In Harris *v.* First National Bank it was held: "Section 70(e) of the

bankruptcy act provides for avoiding transfer of the bankrupt's property which his creditors might have avoided, and for recovery of such property or its value from persons not bona fide holders for value. It does not, either with or without consent of defendant, give the bankruptcy court jurisdiction of a suit to recover property held by defendant but which, if the allegations of the complaint are true, belonged to the bankrupt and passed to the trustee." This decision held that the trustee can not, under the provisions of section 70, bring a suit in the *bankruptcy court* to recover property held by the defendant, and which, if the allegations of the complaint are true, belongs to the bankrupt and passes to the trustee. In Park *v.* Cameron, supra, the trustee sought in the bankruptcy court to recover from officials of the bankrupt corporation money which the officials had extracted from the corporation. The court held that this constituted no fraudulent act of the bankrupt which would authorize the trustee to recover in the bankruptcy court money or property which had been conveyed fraudulently by the bankrupt to another. It is provided in section 23 of the bankruptcy act: "Suits by the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if the proceedings under this title had not been instituted." The present suit was instituted by the trustee in the superior court of Floyd County, a court in which the bankrupt might have prosecuted the suit "if proceedings in bankruptcy had not been instituted." The petition set out a cause of action, and the court did not err in overruling the demurrer.

*Judgment affirmed. Sutton and Felton, JJ., concur.*