**WARNER v. DWORSKY et al.**
**Civ. No. 3165.**

United States District Court
D. Minnesota, Fourth Division.
May 23, 1950.

Joe A. Walters, of Minneapolis, Minn. for plaintiff in support of said motion.

Arnold A. Karlins, of Minneapolis, Minn. for defendants in opposition thereto.

NORDBYE, Chief Judge.

Plaintiff has commenced this action as trustee of the bankrupt's estate and alleges in six alternative counts that the defendants wrongfully obtained from the bankrupt certain merchandise to which the bankrupt estate now is entitled. Defendants interposed certain defenses in their answer to all six counts. But on this motion by plaintiff for the purpose of determining the validity of those defenses, the parties agree that this Court need consider only whether it possesses jurisdiction over the matters alleged in Count VI of the complaint.

In Count VI plaintiff alleges that defendants were creditors of the bankrupt and knew he was indebted to other creditors also in an amount greater that the value of his inventory. Plaintiff alleges that defendants and others conspired together and did remove part of the bankrupt's inventory through self-help, without consideration, and appropriate such goods to their own use in fraud of other creditors. The bankrupt did not consent to this taking, plaintiff alleges, and the taking was done to prevent other creditors from obtaining their fair share of the bankrupt's property in satisfaction of their claims. Plaintiff asks the Court to order the defendants to transfer to plaintiff as trustee the property which they took from the bankrupt, or if they do not still possess it, that plaintiff as trustee be granted a judgment for damages against them to the extent of the goods' value.

Plaintiff bases jurisdiction for his action upon Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e. This section creates an exception to the general rule of Section 23 of the Bankruptcy Act, 11 U.S.C.A. § 46, which provides that, unless the adverse party consents in actions like this, diversity of citizenship must exist between the bankrupt and the adverse party before this Court can possess jurisdiction. Section 70, sub. e, provides,

"e. (1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor.

"(2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer

or obligation against whomever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision e is valid under applicable Federal or State laws.

"(3) For the purpose of such recovery or of the avoidance of such transfer or obligation, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

Defendants contend that this Court lacks jurisdiction under Section 70, sub. e because the statute only covers transfers to which the bankrupt is a party and consents or acquiesces and that the statute does not apply to conspiracies for money damages such as plaintiff claims here.

■ But plaintiff really seeks return of the goods. He is asking the Court to set aside the wrongful taking of the bankrupt's property by the defendants and to require the defendants to convey it to plaintiff as trustee. Although the defendants are charged with conspiring, the basic wrong which plaintiff seeks to alleviate is the alleged wrongful and fraudulent taking of the property. That is apparent from a reading of the complaint as a whole and the prayers for relief. Plaintiff seeks damages only in the alternative. The action actually is one going to the Court's equity powers, with the plea that if the res to which the equity court would direct its powers has disappeared, then the Court should exercise its incidental powers to grant damages. A conspiracy to defraud creditors and a money judgment also were involved in Brainard v. Cohn, 9 Cir., 1925, 8 F.2d 13, which arose under Section 70, sub. e. The court held, in upholding jurisdiction, 8 F.2d at page 15. "It is true the trustee seeks a money judgment, but he also asks that certain transfers made by the bankrupt in carrying out a conspiracy to defraud creditors may be set aside, * * *. Relief against such a situation calls for the exercise of the flexible jurisdiction of equity, to the end that the wrongdoers shall not profit by their wrongs and that innocent creditors shall not suffer by them."

That conclusion also follows from the facts alleged in this case. The real question here is whether a "transfer" was "made or suffered" by the bankrupt within the meaning of Section 70, sub. e.

■ Defendants' argument that the bankrupt did not make the transfer himself and that in order for the bankrupt to "suffer" a transfer, and thereby vest jurisdiction in this Court, the bankrupt must acquiesce in, or permit, the transfer, states in reality that involuntary transfers of the bankrupt's property are not "transfers" within the meaning of Section 70, sub. e.

Section 1(30) of the Bankruptcy Act, 11 U.S.C.A. § 1(30), defines "transfer" as it is used in Section 70, sub. e. It provides,

" 'Transfer' shall include the sale and every other and different mode, direct or indirect, of disposing of or of parting with property or with an interest therein or with the possession thereof or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, *voluntarily or involuntarily,* by or without judicial proceedings, as a conveyance, sale, assignment, payment, pledge, mortgage, lien, encumbrance, gift, security, or otherwise." (Italics supplied.)

That a transfer may be involuntary is specifically clear from this section of the Bankruptcy Act. That the mode or means of transfer is immaterial likewise is obvious here. Even transfers by third persons in payment of debts owed by the bankrupt to them are within the plain words of this statute. The allegations of the trustee's complaint here fairly encompass the claim that the appropriations alleged here were intended by the defendants to be in payment of some of their claims against the bankrupt. The consent of the bankrupt is not required for a "transfer" within the meaning of Section 1(30), and therefore not within the meaning of Section 70, sub. e. The scope of the subject of a sentence —here "transfer"—must be recognized in determining the sense of its verbs—here "made or suffered." Defendants' argument emphasizes only the verbs of Section 70,

sub. e and ignores their normal relationship to their subject. Words of a section and sentence must be construed in light of the words to which they are related. They should be construed consistently, not contradictorily, unless contradictions are clearly unavoidable. To adopt the defendants' contention here would cause the verb of Section 70, sub. e to contradict the meaning of its subject. And such distinctions and absurdities as voluntary involuntary transfers and involuntary voluntary transfers would arise. That such was not the intent of Congress is apparent from the broad definition which it framed for "transfer". The meaning of "transfer" shows the meaning of "suffered". Consequently, "suffered" must be interpreted as being synonymous with "endured" rather than "permitted". As plaintiff points out, including an action such as this one within the meaning of Section 70, sub. e is in accord with the broader powers of action granted by Congress under the Chandler Act. Because this Court's jurisdiction under Paragraph 3 of Section 70, sub. e depends upon the types of action permitted under Paragraph 1 of Section 70, sub. e this Court's jurisdiction is accordingly enlarged. The tendency of Congressional policy to expand the bankruptcy court's jurisdiction is indicated in 2 Collier on Bankruptcy, 14th Ed., Section 23.15, footnote 35.

Defendants cite Park v. Cameron, 237 U.S. 616, 35 S.Ct. 719, 59 L.Ed. 1147; and Siegel v. Municipal Capital Corp., 2 Cir., 102 F.2d 905. But those cases were decided prior to the enactment of the Chandler Act and the present forms of Section 70, sub. e and Section 1(30). The definitions and provisions involved in those cases were narrower than the present ones. Those cases do not purport to interpret broad provisions such as are applicable here. Remington on Bankruptcy, 4th Ed., and 2 Collier on Bankruptcy, 14th Ed., also cited by defendants, rely for their conclusions upon cases decided prior to the existence of the present statutes. For this reason, the authorities cited by defendants cannot be considered binding or persuasive upon this Court in this case.

Under all the circumstances, therefore, plaintiff's position herein must be sustained. This Court has jurisdiction over the matter pleaded in Count VI of the complaint. Because plaintiff's motion is akin to a motion to strike, Federal Rules of Civil Procedure, Rule 12(f), 28 U.S.C.A., defendants' defense of lack of jurisdiction should be stricken in so far as it pertains to Count VI of the complaint. The Court expresses no opinion concerning any of the other counts of the complaint because they are not before it on this motion. It is so ordered.

An exception is allowed.