**WARNER v. DWORSKY et al.**

Civ. No. 3165.

United States District Court
D. Minnesota, Fourth Division.

June 22, 1951.

Arnold A. Karlins, of Minneapolis, Minn. (Charles H. Halpern, of Minneapolis, Minn., was with him on the briefs), appeared in behalf of Jerome Dworsky, Zollie Dworsky, Peter Dworsky and Harry Dworsky, individually and as co-partners, doing business as North Union Co.

Charles H. Halpern, of Minneapolis, Minn. (Arnold A. Karlins, Minneapolis, Minn., was with him on the briefs) appeared in behalf of Carl K. Lifson.

Arnold A. Karlins and Charles H. Halpern, Minneapolis, Minn., appeared on the briefs in behalf of all the defendants;

Melvin H. Siegel, of Minneapolis, Minn., appeared in behalf of defendant Grace B. Wright;

Louis Sachs, of Minneapolis, Minn., appeared pro se;

Joseph L. Nathanson, of Minneapolis, Minn., appeared pro se;

Joe A. Walters, of Minneapolis, Minn., and William C. Green, of St. Paul, Minn., appeared in behalf of the plaintiff.

NORDBYE, Chief Judge.

Plaintiff is the trustee in bankruptcy for Hyman Cohen, who did business as the American Footwear Company. By an amended complaint plaintiff alleges that on or about June 2, 1947, the defendant Sachs (acting individually and as attorney for the North Union Company), the defendant Nathanson (acting individually and as attorney for A. B. Saltzman and Grace B. Wright), and the defendant Carl K. Lifson, conspired together and with the other defendants herein and induced the debtor Cohen to execute to Sachs, Nathanson, and Lifson as common-law trustees a trust deed of Cohen's property, including the merchandise in question here. The merchandise involved was a type not exempt from liability for Cohen's debts in bankruptcy proceedings. The North Union Company and A. B. Saltzman and Grace B. Wright were creditors of Cohen at that time. Plaintiff alleges that the trust deed was obtained by the trustees in fraud of Cohen's other creditors and as a part of the conspiracy among the defendants to defraud, hinder, and delay Cohen's other creditors. After receiving the deed, plaintiff charges, the common-law trustees, acting in reliance on the deed and pursuant to their conspiracy, transferred, assigned, and delivered to North Union Company, to Grace B. Wright and A. P. Saltzman, and to a concern known as the Sales Enterprise, certain footwear and allied merchandise owned by Cohen and which possessed a total reasonable market value of $157,206.64. Plaintiff charges that the transferees knew of the common-law trustee's fraudulent intent and that the transfers of the merchandise were made without fair consideration and rendered Cohen insolvent in violation of law.

Plaintiff alleges that by the transfer from the trustees to the defendants and others, Cohen's other creditors were defrauded, hindered, and delayed in the collection of the debts due them from Cohen, which were and are provable debts in bankruptcy proceedings.

The bankrupt Cohen was not a party to the fraudulent transactions between the common-law trustees and the defendants, and assigned his property to the trustees in good faith, according to the complaint herein. In fact, the amended complaint sets forth with considerable detail that the trust deed was procured from Cohen by false and fraudulent representations and that the trustees concealed from him their intention to make the fraudulent transfers which form the basis of this action. Plaintiff bases his action upon Section 70, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e, and alleges violation of the Minnesota Fraudulent Conveyances Act, Minn. Stat. of 1949, Sec. 513.23, et seq., M.S.A. Recovery of the goods allegedly transferred in fraud of Cohen's other creditors is prayed. In the alternative, damages in the amount of $157,206.64 are requested.

Defendants move for dismissal of the action upon the grounds that this Court lacks

jurisdiction over this action, and that the complaint fails to state a claim upon which relief can be granted.

Section 70, sub. e of the Bankruptcy Act states the basis upon which this Court's jurisdiction must be predicated. It provides,

"e. (1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act, which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor.

"(2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by the trustee for the benefit of the estate. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whomever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision e is valid under applicable Federal or State laws.

"(3) For the purpose of such recovery or of the avoidance of such transfer or obligation, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

Section 11, sub. 30, of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. 30, provides, " 'Transfer' shall include the sale and every other and different mode, direct or indirect, of disposing of or of parting with property or with an interest therein or with the possession thereof or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, voluntarily or involuntarily, by or without judicial proceedings, as a conveyance, sale, assignment, payment, pledge, mortgage, lien, encumbrance, gift, security, or otherwise".

Defendants contend that no transfer was "made or suffered" by the bankrupt as required by Section 70, sub. e and therefore that this Court lacks jurisdiction. Plaintiff, on the other hand, urges that because Cohen, by the assignment to the common-law trustees, placed within their hands the power to make a fraudulent conveyance, he "suffered" a transfer when they did dispose of that property in fraud of some of his creditors. Cohen placed the power to make fraudulent conveyances in the trustees' hands, the plaintiff urges, by an assignment which made them his attorneys in fact with full power to do all things necessary in conducting the trusteeship and fulfilling the conditions of the assignment. Plaintiff also urges that Cohen "made" the transfer because the common-law trustees were his agents.

This action has been presented to this Court upon the jurisdiction issue previously with respect to Count VI of the original complaint. This Court then held that Cohen had "suffered" a transfer upon those allegations. 91 F.Supp. 884. Count VI of the original complaint alleged only that defendants had wrongfully taken merchandise from Cohen through self-help. It did not allege the existence of the common-law trusteeship which is alleged by this amended complaint now before the Court. However, the question presented now is essentially similar to that presented originally. For in both complaints a wrongful appropriation without the consent or participation of the debtor is alleged. The plaintiff here relies upon the transfer from the trustees to the other defendants as the transfer which was fraudulent as against the creditors. Consequently, the basic question here is similar to the one presented previously, and this motion presents essentially a request for reconsideration of this Court's previous decision.

Defendants cite several cases which were decided under the bankruptcy statutes as they existed prior to the enactment of the Chandler Act. They are Park v. Cameron, 237 U.S. 616, 35 S.Ct. 719, 59 L.Ed. 1147; Harris v. First National Bank, 216 U.S. 382, 30 S.Ct. 296, 54 L.Ed. 528; Waite v. Gottstein, D.C., 224 F. 281; Siegel v. Municipal Capital Corp., 2 Cir., 102 F.2d 905. These cases held that without the consent

or participation of the debtor, no transfer is made by the debtor within the meaning of Section 70, sub. e. Some of those cases were noted by the court in its previous decision and held inapplicable because the Chandler Act added to Section 70, sub. e the phrase, "or suffered," thus providing that the transfer must be "made or suffered" by the bankrupt. This Court held that the word "suffered" extended the meaning of the statute.

■ But the Court now has available some of the legislative history of Section 70, sub. e. The history shows that the Chandler Act did not intend to change or enlarge the court's jurisdiction or the type of transfer which might be avoided. Section 70, sub. e sought to merge and state existing law. The purpose was to clarify, not to create new bankruptcy law with respect to matters arising under Section 70, sub. e. House Report 1409, 75th Congress, 1st Session; Senate Report 1916, 75th Congress, 1st Session. And Section 11, sub. 30, 11 U.S.C.A., does not appear to have been changed by the Chandler Act. Its scope was intended to remain the same. Then, like now, the definition of "transfer" was considered to be comprehensive and to include every method by which property could pass. Compare Pirie v. Chicago Title & Trust Co., 182 U.S. 438, 21 S.Ct. 906, 45 L.Ed. 1171, with Crenshaw v. McKinley, 2 Cir., 116 F.2d 877. Nowhere does it appear that a wrongful taking or appropriation was intended to be a "transfer" by the bankrupt under Section 11, sub. 30 or that the debtor "suffered" such a transfer when it was performed by a third person. Section 70, sub. e appears to have been written in its present form in an attempt to merge two existing sections and rights which appeared to be causing confusion. H.R.1409, 75th Cong., 1st Session, at page 35. No intent to change this Court's jurisdiction appears. In view of this legislative history and the purpose of the Chandler Act, the cases above cited by defendants appear to be in point under the Bankruptcy Act as it is written today.

■ Plaintiff argues that the common-law trustees were Cohen's agents, and that Cohen therefore "made" the transfer by his agents. But the mere fact that Cohen granted broad powers to the trustees does not mean that he granted them authority to conspire with others with respect to the property in their care and to wilfully and fraudulently use the property for the benefit of others. Both in Park v. Cameron, supra, and Siegel v. Municipal Capital Corp., supra, the court held that no transfer had been made by the debtor and emphasized that the property therein concerned had been obtained by the third party through the debtor's employee or officer who possessed no authority from the debtor to make such conveyances and whose acts had not been ratified by the debtor. Plaintiff here pleads that Cohen was acting entirely in good faith at all times; consequently that it must be assumed that he at no time authorized the trustees to convey his property to these defendant creditors to the exclusion of others who also had claims. Neither authority nor ratification for the acts of the common law trustees exists here under the allegations of the complaint. The authority which plaintiff cites in support of his claim that the principal is responsible for the fraudulent acts of his agents is not in point. This action is not against the principal of the alleged agents, nor does it attempt to hold him for their fraudulent acts. The argument that the fraudulent acts of the agent are the acts of the principal with respect to Section 70, sub. e actions is denied by Park v. Cameron, supra, and Siegel v. Municipal Capital Corp., supra. They note that the fraud therein involved was committed without authority or ratification from the debtor. They hold that under such circumstances no transfer was made by the debtor under Section 70, sub. e. Realistically, this complaint alleges that these defendants have fraudulently obtained property from the debtor who now is bankrupt. The debtor took no part in the fraud. The situation is essentially like the one noted by Justice Holmes in Park v. Cameron, supra. No consent or participation by the bankrupt debtor is alleged as required. A tortious taking of the debtor's property is the gist of the action. Over that type of claim this Court possesses no

jurisdiction under Section 70, sub. e in this case.

In view of these premises, therefore, this action must be, and is, dismissed for lack of jurisdiction. It is so ordered. Let judgment be entered accordingly.

The conclusion reached renders unnecessary the determination of whether plaintiff states a cause of action, and the Court expresses no opinion with respect to that question. This order supersedes and overrules the decision previously rendered in this case, 91 F.Supp. 884.

An exception is reserved.