**WARNER v. DWORSKY et al.**

No. 14438.

United States Court of Appeals
Eighth Circuit.

Jan. 29, 1952.

William C. Green, St. Paul, Minn. (Joe A. Walters, Minneapolis, Minn., on the brief), for appellant.

Melvin H. Siegel, Minneapolis, Minn. (Carl K. Lifson, Charles H. Halpern, Arnold A. Karlins, Louis Sachs and Joseph L. Nathanson, all of Minneapolis, Minn., on the brief), for appellees.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The Trustee in bankruptcy of Hyman Cohen challenges the validity of a judgment which dismissed, for lack of jurisdiction, a plenary action brought against the appellees under § 70, sub. e of the Bankruptcy Act, as amended, 11 U.S.C.A. § 110, sub. e,[1] (1) to avoid transfers of nonexempt property of the bankrupt alleged to have been made prior to bankruptcy in fraud of creditors and to be voidable by them, and (2) to recover the property so transferred or its value.

The substance of the claim stated in the amended complaint upon which the dismissal was based is that on June 2, 1947, about ten months prior to the time Cohen, a Minneapolis merchant, was adjudged a bankrupt, the defendants (appellees), in furtherance of a conspiracy to hinder, delay and defraud his creditors, induced him, by false representations, to make an assignment of his nonexempt stock of merchandise, for the benefit of creditors, to three of the defendants as trustees, who, without his knowledge, consent or subsequent ratification, between June 2, 1947, and January 1, 1948, made transfers of this property for an inadequate consideration; that these transfers were fraudulent as against, and voidable by, those of Cohen's creditors who are not named as defendants and were not parties to the conspiracy or transferees of the property; and that, under § 70, sub. e of the Bankruptcy Act, as amended, the plaintiff is entitled to avoid the transfers and to recover from the defendants the property transferred, or its value, which is asserted to be $157,206.64.

The District Court was of the opinion that, since the amended complaint negatived any conscious participation by Cohen in the transfers alleged, they were not "made or suffered" by him within the meaning of § 70, sub. e(1) and that the court was therefore without jurisdiction under § 70, sub. e(3). Warner v. Dworsky, D.C., 98 F. Supp. 466.

We shall confine our consideration to the question decided by the District Court. It is seldom that a federal appellate court may concern itself with questions not ruled upon by the trial court. Trapp v. Metropolitan Life Insurance Co., 8 Cir., 70 F.2d 976, 981; Montgomery Ward & Co., Inc., v. Langer, 8 Cir., 168 F.2d 182, 185; Woods v. Hillcrest Terrace Corporation, 8 Cir., 170 F.2d 980, 983; Hoyt v. Clancey, 8 Cir., 180 F.2d 152, 154.

The District Court, prior to the entry of the judgment under review, had held that the original complaint in this action stated a claim within the jurisdiction of the court under § 70, sub. e, upon the ground that, although the transfers made by the common-law trustees were not, under the allegations of the complaint, "made" by Cohen, they were "suffered" by him. Warner v. Dworsky, D.C., 91 F.Supp. 884. When the same question of jurisdiction was again raised under the amended complaint, the District Court overruled its former decision upon

1. Title 11 U.S.C.A.:
"§ 110. *Title to property*
      *      *      *      *      *
"e. (1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor.
"(2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whomever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision e is valid under applicable Federal or State laws.
"(3) For the purpose of such recovery or of the avoidance of such transfer or obligation, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

the theory that the words "or suffered," which were incorporated in § 70, sub. e(1) by the amendatory Act of June 22, 1938, commonly referred to as the Chandler Act, 52 Stat. 840, 882, 11 U.S.C.A. § 1 et seq., § 110, sub. e(1), were not intended by Congress to broaden the scope of former § 70, sub. e,[2] or the jurisdiction of the courts of bankruptcy. The District Court was of the view that this was indicated by the legislative history of the revision of former § 70, sub. e.

Unless the claim stated in the amended complaint was without sufficient substance to invoke the jurisdiction of the District Court under § 70, sub. e and to require that court to hear and determine the cause, jurisdiction should have been entertained. Flanders v. Coleman, 250 U.S. 223, 227, 229, 39 S.Ct. 472, 63 L.Ed. 948.

The trustee in bankruptcy argues that his amended complaint states a claim within the jurisdiction of the court under § 70, sub. e because the transfers, under the claim stated, were "made" and "suffered" by the bankrupt; that they were made by him through his agents, the common-law trustees, for whose wrongful transfers of his property he must be regarded as being legally responsible; that the transfers were "suffered" by him because they were fraudulent and voidable and the result of his having placed his property in the hands of the common-law trustees with authority to make transfers.

We are satisfied that the jurisdiction of the courts of bankruptcy was broadened by the amendment made to former § 70, sub. e, and that the word "suffered" may not be held meaningless because of the legislative history of the revised section. There is no need to refer to legislative history where statutory language is sensible and unambiguous. Ex parte Collett, 337 U.S. 55, 61, 69 S.Ct. 944, 93 L.Ed.

1207; Schwegmann Brothers v. Calvert Distillers Corp., concurring opinion of Mr. Justice Jackson, 341 U.S. 384, 395–397, 71 S.Ct. 745, 95 L.Ed. 1035; Gemsco, Inc., v. Walling, 324 U.S. 244, 260, 65 S.Ct. 605, 89 L.Ed. 921; Caminetti v. United States, 242 U.S. 470, 490, 37 S.Ct. 192, 61 L.Ed. 442; Mackenzie v. Hare, 239 U.S. 299, 308, 36 S. Ct. 106, 60 L.Ed. 297; Pennsylvania R. R. Co. v. International Coal Mining Co., 230 U.S. 184, 199, 33 S.Ct. 893, 57 L.Ed. 1446; Maxwell v. Dow, 176 U.S. 581, 601, 20 S.Ct. 448, 44 L.Ed. 597; United States v. Trans-Missouri Freight Association, 166 U.S. 290, 318, 17 S.Ct. 540, 41 L.Ed. 1007. See, also, Crooks v. Harrelson, 282 U.S. 55, 60, 51 S. Ct. 49, 75 L.Ed. 156; Foley Securities Corporation v. Commissioner of Internal Revenue, 8 Cir., 106 F.2d 731, 734–735.

"Whatever was said in the debates on the bill or in the reports concerning it, preceding its enactment or during its enactment, must give way to its language; or, rather, all the reasons that induced its enactment and all of its purposes must be supposed to be satisfied and expressed by its words, * * *." Mackenzie v. Hare, supra, page 308 of 239 U.S., page 107 of 36 S.Ct.

While the word "suffered" was an innovation so far as § 70, sub. e, is concerned, it was not new to the Bankruptcy Act. The meaning of "suffered" with respect to a preference was considered by the Supreme Court in the case of Wilson v. Nelson, 183 U.S. 191, 22 S.Ct. 74, 75, 46 L.Ed. 147. The facts in that case were as follows: Nelson in 1885 had given a promissory note due in five years to Sarah Johnstone, together with an irrevocable power of attorney authorizing any attorney to confess judgment on the note after its maturity. Thirteen years later, on November 21, 1898, Sarah Johnstone, under the power of attorney, caused a judgment to be entered

2. Prior to the Chandler Act, § 70, sub. e, read as follows: "The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as defined in this title, and any State court which would have had jurisdiction if bankruptcy had not intervened. shall have concurrent jurisdiction."

against Nelson, who had become insolvent. The property of Nelson was sold under execution and the proceeds applied in part payment of the judgment. That left Nelson without means to pay other debts. The judgment was entered and the levy made without the procurement of Nelson and without his knowledge or consent, and were not subject to attack by him. On December 10, 1898, Nelson's creditors filed a petition for his adjudication as a bankrupt on the ground that while insolvent he had suffered and permitted Sarah Johnstone, one of his creditors, to obtain a preference by her judgment levy, and had failed to vacate or discharge the preference within five days before the sale. The District Court ruled that Nelson had not committed an act of bankruptcy. An appeal was taken to the Circuit Court of Appeals for the Seventh Circuit. That court certified three questions to the Supreme Court for its advice and instructions. One of these questions was: "Whether the judgment so entered and the levy of the execution thereon was a preference 'suffered' or 'permitted' by the said Nelson within the meaning of clause (3) of § 3a of the bankrupt law."[3] That question was answered in the affirmative. Page 199 of 183 U.S., page 77 of 22 S.Ct. The Supreme Court said, page 198 of 183 U.S., page 77 of 22 S.Ct.:

"The act of 1898 makes the result obtained by the creditor, and not the specific intent of the debtor, the essential fact.

"In the case at bar, the warrant of attorney to confess judgment was indeed given by the debtor nearly thirteen years before. But being irrevocable and continuing in force, the debtor thereby, without any further act of his, 'suffered or permitted' a judgment to be entered against him, within four months before the filing of the peti-

tion in bankrutpcy, the effect of the enforcement of which judgment would be to enable the creditor to whom it was given to obtain a greater percentage of his debt than other creditors; and the lien obtained by which, in a proceeding begun within the four months, would be dissolved by the adjudication in bankruptcy, because 'its existence and enforcement will work a preference.' * * *"

The Supreme Court ruled that cases decided under the Bankrutpcy Act of 1867, which expressly required the debtor to have acted with intent to give a preference, were inapplicable to the 1898 Bankruptcy Act.

The United States District Court for the District of Minnesota, in the case of In re Tobin, 24 F.Supp. 825, followed the decision of the Supreme Court in Wilson v. Nelson, supra, and ruled, in effect, that it was the result, and not the knowledge or intent of the debtor, which controlled in determining whether a preference had been "suffered."

■ Since a debtor may unintentionally and unknowingly suffer a preference, it logically follows that he may unintentionally and unknowingly suffer a fraudulent and voidable transfer of his property. It is our opinion that § 70, sub. e, presently gives to the courts of bankruptcy jurisdiction of all plenary actions brought by trustees in bankruptcy to avoid fraudulent transfers of a debtor's property which any of his creditors could have avoided and for the recovery of the property transferred or its value. We think that under § 70, sub. e, the fact that such a transfer was made is the essential jurisdictional fact.

The construction we have placed upon § 70, sub. e, seems to us to be in harmony with the definition of "transfer" contained in § 1(30) of the Bankruptcy Act, 11 U.S.C.A. § 1(30),[4] and also with § 70, sub. a, clause

---

3. The clause referred to made it an act of bankruptcy to have "suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having, at least five days before a sale or final disposition of any property affected by such preference, vacated or discharged such preference". See page 211 of 183 U.S., page 82 of 22 S.Ct.

The word "suffered" is contained in §

3, sub. a, clauses (3) and (5), of the Bankruptcy Act as amended, 11 U.S.C.A. § 21, sub. a, clauses (3), and (5).

4. Title 11 U.S.C.A.:

"§ 1. *Meaning of words and phrases*

"The words and phrases used in this title and in proceedings pursuant hereto shall, unless the same be inconsistent with the context, be construed as follows:

* * * * *

(S), 11 U.S.C.A. § 110, sub. a, clause (8), which indicates that an assignee for the benefit of creditors is to be regarded merely as the agent of the bankrupt for the purposes of the Bankruptcy Act.

Since we have no doubt that the transfers upon which the claim as stated in the amended complaint is based are covered by the broad language of § 70, sub. e(1) as transfers "made or suffered * * by a debtor adjudged a bankrupt", it is not necessary to decide whether they were "made" as well as "suffered" by the bankrupt within the meaning of the section. The transfers are alleged to have been transfers of the debtor's property fraudulent as against and voidable by some of his creditors, and that, we think, was enough to give the court jurisdiction of the action.

The judgment appealed from is reversed, and the case is remanded for further proceedings.

"(30) 'Transfer' shall include the sale and every other and different mode, direct or indirect, of disposing of or of parting with property or with an interest therein or with the possession thereof or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, voluntarily or involuntarily, by or without judicial proceedings, as a conveyance, sale, assignment, payment, pledge, mortgage, lien, encumbrance, gift, security, or otherwise".